UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Civil Action Number 4:24-CV-00051-M-RN

| | |
|---|---|
| CYNTHIA B. AVENS | ) |
| Plaintiff, | ) |
| v. | ) DEFENDANT PITT COUNTY |
| | ) MEMORIAL HOSPITAL, INC.'S |
| FARIS C. DIXON, JR., DISTRICT | ) MOTION TO DISMISS PLAINTIFF'S |
| ATTORNEY, PITT COUNTY | ) AMENDED COMPLAINT |
| MEMORIAL HOSPITAL, INC., DR. | ) |
| KAREN KELLY, MEDICAL EXAMINER, | ) |
| JOHN/JANE DOE, and JOHN/JANE DOE, | ) |
| Defendants. | ) |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Pitt County Memorial Hospital, Inc. ("ECU Health")[1] respectfully moves the Court to dismiss the Amended Pleading (hereinafter "Amended Complaint") filed by Plaintiff Cynthia B. Avens ("Avens").

The deficiencies underlying Avens' claims cannot be cured through an amendment. They still are untimely. ECU Health is still not a state actor. And, Avens still cannot plausibly allege a single concrete fact which would suggest ECU Health engaged in intentional racial discrimination or any other wrongdoing.

This case arises out of the unfortunate death of Avens' daughter, Keisha White ("White"), more than a decade ago. At the time of her death, White was a patient of ECU Health and was being treated for various medical conditions, including chronic renal failure. She experienced a medical emergency at Vidant Medical Center on May 10, 2014, and she died of an anoxic brain

---

[1] While Pitt County Memorial Hospital, Inc. currently does business as ECU Health Medical Center and is referred to herein as ECU Health, during the period relevant to Avens' claims (from 2014 through 2016), the entity did business as Vidant Medical Center.

injury and cardiac arrest that same day. Despite entering into a settlement with ECU Health in 2016 whereby she released all claims related to the medical services that White received, Avens still seeks to hold ECU Health liable for White's death. Avens filed her original Complaint with this Court on March 22, 2024, nearly ten years after White's death. Through her Amended Complaint, filed on June 18, 2024, Avens purports to assert claims against ECU Health under (1) 42 U.S.C. § 1983 ("Section 1983"); (2) 42 U.S.C. § 1981 ("Section 1981"); (3) 42 U.S.C. § 1985 ("Section 1985"); and (4) Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq*. Though not entirely clear, Avens may also intend to assert a claim under North Carolina law for negligence *per se*. (*See* Am. Compl. pp. 61-62, D.E. 33.)

Avens' Amended Complaint does not plausibly explain how ECU Health is liable for White's death or as a result of any of the events that followed, and her claims against ECU Health should be dismissed. While Avens' general allegations of wrongdoing by ECU Health and others are convoluted, the reasons the Amended Complaint fails to state a claim are simple: (1) all of her claims are time-barred by the applicable statutes of limitations; (2) any Section 1983 claim fails because ECU Health is not a state actor and because Avens fails to allege that any policy or custom of ECU Health caused a deprivation of her rights; (3) any Section 1981 claim fails because Avens does not allege that ECU Health intentionally discriminated against her on the basis of race, because Avens does not allege that ECU Health interfered with a cognizable contractual relationship, and because ECU Health is not a state actor; (4) any Section 1985 claim fails because Avens does not allege specific facts necessary to establish a conspiracy or that any actions taken were motivated by a specific class-based, invidiously discriminatory animus; (5) any Title VI claim fails because Avens does not allege that ECU Health engaged in intentional racial discrimination; and (6) any claim for negligence *per se* fails because Avens fails to allege *any* of

the elements required to support such claim. Even when construed in the light most favorable to Avens and giving her the benefit of every conceivable doubt, her claims are untimely, and the allegations in the Amended Complaint are entirely speculative and do not allow the Court to infer that Avens is entitled to relief against ECU Health under any theory. As a result, Avens' claims against ECU Health should be dismissed with prejudice for failure to state a claim on which relief may be granted.

Respectfully submitted,

/s/ Daniel D. McClurg
Daniel D. McClurg (NC Bar #53768)
daniel.mcclurg@klgates.com
K&L Gates LLP
300 South Tryon Street, Suite 1000
Charlotte, North Carolina 28202
(704) 331-7444
(704) 353-3114

Terrence M. McKelvey (NC Bar #47940)
terrence.mckelvey@klgates.com
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
(615) 780-6700
(615) 780-6799

*Counsel for Defendant Pitt County Memorial Hospital, Inc.*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing document was served upon all counsel of record via the Clerk of Court's ECF system and upon Plaintiff Cynthia B. Avens via U.S. Mail, postage prepaid, at the address listed below, this July 16, 2024:

| | |
|---|---|
| Cynthia B. Avens<br>303 Riverside Trail<br>Roanoke Rapids, North Carolina 27870 | Jeremy D. Linsley<br>North Carolina Department of Justice<br>P.O. Box 629<br>Raleigh, North Carolina 27602 |
| Chris D. Agosto Carreiro<br>Special Deputy Attorney General<br>North Carolina Department of Justice<br>P.O. Box 629<br>Raleigh, North Carolina 27602<br><br>*Counsel for Defendant Faris C. Dixon, Jr.* | *Counsel for Defendant Karen Kelly, MD* |

                                                         /s/ Daniel D. McClurg