# EXHIBIT 12

# WRONGFUL DEATH SETTLEMENT AND RELEASE

## SETTLEMENT AGREEMENT AND RELEASE IN FULL

This Settlement Agreement and Release of All Claims ("Agreement") is made by and between Cynthia Avens, Administratrix of the Estate of Keisha White ("Releasor"), and Pitt County Memorial Hospital, Inc. d/b/a Vidant Medical Center, University Health Systems of Eastern Carolina, Inc. d/b/a Vidant Health, and each of their present and former divisions, parent companies, subsidiaries, affiliates, predecessors, successors and assigns, together with their present and former physicians, nurses, residents, employees, agents and assigns, and any and all other persons, firms, corporations or entities associated with or in any way affiliated with Pitt County Memorial Hospital, Inc. d/b/a Vidant Medical Center, and University Health Systems of Eastern Carolina, Inc. d/b/a Vidant Health ("Releasees"), whether herein named or referred to or not.

**WITNESSETH**:

WHEREAS Releasor Cynthia Avens, Administratrix of the Estate of Keisha White, has asserted a claim for damages alleged or claimed to have been sustained as the result of medical services provided to Keisha White, including, but not limited to, those provided at Pitt County Memorial Hospital, Inc. d/b/a Vidant Medical Center, up to and including May 10, 2014.

WHEREAS the Releasees, while expressly denying the allegations of Releasor, have agreed to settle any and all controversies between them which have arisen or might arise as the result of her claim for negligence, survivorship, wrongful death, and medical malpractice under the provisions of N.C. Gen. Stat. § 90-21.11, et seq., for damages alleged or claimed to have been sustained by Keisha White as the result of medical services, including, but not limited to, those provided at Pitt County Memorial Hospital, Inc. d/b/a Vidant Medical Center to Keisha White up to and including May 10, 2014.

NOW THEREFORE, in consideration of the mutual promises and releases contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties agree as follows:

1. **Release and Discharge**

Cynthia Avens, Administratrix of the Estate of Keisha White, hereby releases and forever discharges from any and all claims, demands, damages, actions, costs, expenses, attorney fees, or causes of action that the Estate of Keisha White has based upon, on account of, arising out of, resulting from, growing out of or any way connected with or relating to any form of health services and care provided to Keisha White or surrounding any care up to and including May 10, 2014, or of which she may become aware in the future surrounding any care provided to Keisha White up to and including May 10, 2014, by the following Releasees:

    a.    Pitt County Memorial Hospital, Incorporated d/b/a Vidant Medical Center

    b.    University Health Systems of Eastern Carolina, Inc. d/b/a Vidant Health

    c.    The above-named Releasees' respective heirs, executors, administrators, personal representatives, agents, servants, officers, directors, employees, employers, insurers, successors, assigns, predecessors and successors, current and former employees, partners, independent contractors, officers, directors, trustees, attorneys, and all other persons, firms or corporations connected with any of the aforementioned released persons and entities (collectively "Releasees").

This release encompasses all past, present, or future claims or demands of the Estate of Keisha White whatsoever, whether known or unknown, surrounding services provided by Pitt County Memorial Hospital, Inc. d/b/a Vidant Medical Center, University Health Systems of Eastern Carolina, Inc. d/b/a Vidant Health, and each of their present or former divisions, parent companies, subsidiaries, affiliates, predecessors, successors and assigns, together with their

physicians, nurses, residents, employees, agents and assigns, and any and all other persons or entities associated with or in any way affiliated with Pitt County Memorial Hospital, Inc. d/b/a Vidant Medical Center, University Health Systems of Eastern Carolina, Inc. d/b/a Vidant Health, and any care up to and including May 10, 2014, including but not limited to those which may be asserted by his heirs, successors, or assigns by reason of any matter, cause, or thing whatsoever that may or may not have occurred prior to the date hereinafter entered. This a full and final release by Cynthia Avens, Administratrix of the Estate of Keisha White of all claims of every nature and kind whatsoever, known or unknown, including any claims which may exist or which Releasor, or anyone claiming by and/or through Releasor, may contend exist, surrounding services provided by Pitt County Memorial Hospital, Inc. d/b/a Vidant Medical Center, University Health Systems of Eastern Carolina, Inc. d/b/a Vidant Health, and each of their present and former divisions, parent companies, subsidiaries, affiliates, predecessors, successors and assigns, together with their physicians, nurses, residents, employees, agents and assigns, and any and all other persons or entities associated with or in any way affiliated with Pitt County Memorial Hospital, Inc. d/b/a Vidant Medical Center, University Health Systems of Eastern Carolina, Inc. d/b/a Vidant Health, and any care provided up to and including May 10, 2014, including but not limited to court costs, consultant and expert witness fees, or attorneys' fees or costs in connection with any claim, and Cynthia Avens further understands and agrees that she is releasing all claims that are known and unknown, suspected and unsuspected. Payment by the Releasees of the monies described in Section 2 below shall fully discharge and acquit all Releasees of any further payment of any kind to the Estate of Keisha White arising out of the care of Keisha White provided up to and including May 10, 2014. Payment by the Releasees is made to resolve a disputed potential claim and is not

to be deemed or considered an admission of liability or negligence. Releasees expressly deny all allegations of liability, negligence, or wrongdoing on their part.

## 2. Payment

For their obligation under this settlement agreement, the Releasees shall pay the amount of Six Hundred and Thirty Five Thousand and 00/100 DOLLARS ($635,000.00) to Cynthia Avens, as Administratrix of the Estate of Keisha White.

The Releasees shall not have any responsibility in the apportionment or distributions of the sums listed in this paragraph once they have been paid as outlined above.

## 3. Attorneys' Fees

Each party hereto shall bear all respective attorneys' fees and costs arising from the actions of its own counsel in connection with the prosecution and defense of this action, this Agreement, the matters and documents referred to herein, and all related matters.

## 4. Warranties and Representations

Releasor hereby warrants and represents as follows:

That she is a competent adult, has been fully informed, and has full knowledge of the terms, conditions and effects of this Agreement, and that she has sought and received such advice and counsel she deems appropriate prior to the execution of this Agreement; and

That, in making this Agreement, she relies wholly upon her own judgment, belief, and knowledge of the nature and extent of the damages alleged, and that no representations or statements regarding said alleged damages, or regarding any other matters made by the persons, firms, or corporations who are hereby released, or by any other person or persons representing the released persons and entities, have influenced her to any extent whatsoever in making this release; and

That she has fully investigated to her full satisfaction all facts surrounding the various claims, controversies, and disputes and is fully satisfied with the terms and effects of this Agreement; and

That no promise or inducement has been offered or made except as herein set forth and that this Agreement is executed without reliance upon any statement or representation by any third party or any agent of any third party; and

That she is not aware of any claims, demands, or causes of action held by any other person or entity against the Releasees, their agents, representatives, or employees based upon, arising out of, or in any way connected with the Estate's claims for damages suffered by Keisha White.

## 5. Confidentiality

The terms of the settlement of this matter shall remain confidential as to settlement amount and shall not be disclosed by any party or any party's counsel to anyone else except as required by law, including but not limited to a Court Order, professional licensing board, confidential communications with a tax advisor or other legal counsel for purposes of tax or legal advice, or as required by Medicare and/or Medicaid for purposes of resolving any lien or claim of lien or by the prior, written consent of all of the parties to this Agreement. The undersigned therefore agrees that, other than to say that the matter has been resolved if asked; neither Cynthia Avens, as Administrator of the Estate of Keisha White, Robert White, or any attorneys will disclose any information whatsoever concerning this settlement amount.

Confidentiality does not transform information publically available in other records into confidential information. Therefore, this Release and confidentiality clause does not preclude the discussion or dissemination of any information which is presently available in any public record, including, but not limited to, records generated by the North Carolina Department of Health and

Human Services (specifically, Statement of Deficiencies and Plan of Correction) and the North Carolina Board of Nursing (specifically, Published Consent Order).

It is further agreed that the undersigned and her attorneys will not disclose any information related to the allegations or contentions in this litigation, the amount of this settlement, and/or the terms of this Release on any website, "You Tube," "Twitter," "Tumblr," "Facebook," or other internet-based site. Further, the undersigned and her attorneys agree that no summary, documents, advertisements, comments, statements, acknowledgments, or interviews will be given to any publication, entity, news organization, magazine, newspaper, internet site, radio or television organization, or any other media regarding the allegations or contentions in this litigation, the terms of the Release, and/or the amount of the consideration paid under this Release. Any disclosure or dissemination of information related to the allegations or contentions in this matter that occurred prior to this resolution and Release are not subject to this paragraph; that is, no requirement exists to identify and/or remove such information in whatever medium it appeared.

The undersigned agrees that, should this confidentiality provision be breached, liquidated damages in the amount of Fifty Thousand Dollars ($50,000.00) shall become due and payable to the persons, firms and/or entities that are released herein. The undersigned acknowledges that this amount is a reasonable estimate of the damages that would be incurred by the Releasees. However, this confidentiality provision does not preclude the disclosure of the settlement in "anonymous" terms, so long as the names of the parties, counsel for the defendants, the county, the facility or any other identifying information is not disclosed, and shall give no identifying data as to anything about the Releasees. Plaintiff may make a generic disclosure of the settlement that does not identify the names of the parties, counsel for the defendants, the county, the facility or any other identifying information, or any other identifying data as to anything about the Releasees. Further,

as Plaintiff has expressed a desire to continue her advocacy in pursuit of criminal charges against Linda Brixon, RN, subject to the above conditions, nothing in this Release or confidentiality provision is intended to effect any involvement in a potential criminal action.

Counsel for the parties joins this agreement for the purpose of becoming bound by this paragraph.

The Parties to this agreement represent and acknowledge that no portion of the settlement amount in this agreement represents consideration or payment for anything other than personal injuries within the meaning of Section 104 (a)(2) of the United States Tax Code; the sole consideration for this section is the reciprocal promise to maintain confidentiality of the settlement amount.

### 6. Governing Law

This Agreement shall be construed and interpreted in accordance with the laws of the State of North Carolina.

### 7. Indemnification

By payment of the monies described herein, Releasees wish to bring a full, final, and complete end to all matters in dispute or potentially disputed by all persons who do or may have a claim arising out of the matters which are the subject of this Agreement, and Cynthia Avens as the Administratrix of the Estate of Keisha White accept the payment of said monies acknowledging said intention and adopting said intention as their own. It is agreed and understood that Releasor will be responsible for any and all additional current and future liens related to this matter which may be asserted, including, but not limited to, liens and claims set forth by healthcare providers, and/or Medicaid. Releasor further warrants and represents that she will indemnify and hold harmless the Releasees in the event that a valid lien is asserted against any of the Releasees as a

result of medical treatment related to this matter. Releasor specifically acknowledges that indemnifying and holding harmless the Releasees in the event of a valid lien being asserted includes, but is not limited to, paying for defense costs associated with any such lien.

**8.  Additional Documents**

All parties agree to cooperate fully and to execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

**9.  Entire Agreement and Successors in Interest**

This Agreement is contractual in nature and its terms are not mere recitals. This Agreement contains all of the terms between the parties to this Agreement with regard to the matters set forth in it, and it shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors, and assigns of each. Neither party shall be considered the drafter of this Agreement.

**10.  Effectiveness**

This Agreement, which is valid and enforceable according to its terms, shall become effective immediately following execution by each of the undersigned.

**11.  Capacity to Execute**

The undersiged, Cynthia Avens, asserts and affirms that she is the duly appointed Administratrix of the Estate of Keisha White, and that she has the authority pursuant to N.C.G.S. §28A-13-3(a) to settle this claim on behalf of the Estate of Keisha White. By his signature below, the undersigned, Robert White, affirms that he is a beneficiary of the Estate of Keisha White, and that he is in agreement with this settlement reached on behalf of the Estate of Keisha White. Both

of the undersigned individuals assert and affirm that there are no other known beneficiaries of the Estate of Keisha White.

SIGNATURES ON NEXT PAGE

This the _____ day of _____, 2016.

_____
Cynthia Avens, as Administratrix and Beneficiary of the Estate of Keisha White

State of North Carolina

County of _____

I, _____, a Notary Public in and for the aforesaid State, do hereby certify that Cynthia Avens personally appeared before me this day and acknowledged the due execution of the foregoing "Settlement Agreement and Release in Full."

Witness my hand and notarial seal this the _____ day of _____, 2016.

_____
Notary Public
My commission expires _____

_____
Robert White, as Beneficiary of the Estate of Keisha White

State of _____

County of _____

I, _____, a Notary Public in and for the aforesaid State, do hereby certify that Robert White personally appeared before me this day and acknowledged the due execution of the foregoing "Settlement Agreement and Release in Full."

Witness my hand and notarial seal this the _____ day of _____, 2016.

_____
Notary Public
My commission expires _____

**SIGNATURE PAGE OF SETTLEMENT AGREEMENT AND RELEASE IN FULL ESTATE OF KEISHA WHITE**