# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF NORTH CAROLINA

### EASTERN DIVISION

Civil Action Number 4:24-CV-00051-M-RN

**FILED**

AUG 0 9 2024

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| | | |
|---|---|---|
| Cynthia B. Avens | ) | |
| | ) | |
| (Plaintiff) | ) | PLAINTIFF'S MOTION TO DENY |
| | ) | DEFENDANT'S JOINT MOTION |
| | ) | TO CONTINUE RULE 26(f) |
| | ) | CONFERENCE AND |
| Faris C. Dixon, Jr., District Attorney | ) | POSTPONE ENTRY OF |
| Pitt County Memorial Hospital, Inc. | ) | RULE 16(b) SCHEDULING |
| Dr. Karen Kelly, Medical Examiner | ) | ORDER DE 54 |
| John/Jane Doe | ) | |
| John/Jane Doe | ) | |
| (Defendants) | ) | |

## I. INTRODUCTION

Plaintiff, Cynthia B. Avens, Pro Se Litigant, respectfully opposes Defendants' joint

motion to stay the Rule 26(f) Conference and Postpone Entry of Rule 16(b) Scheduling

Order (DE 54). The joint motion should be denied as it fails to meet the legal standards

required for such a stay and would unjustly delay the proceedings, hindering the

Plaintiff's right to a timely resolution.

1

## II. LEGAL STANDARD FOR MOTION TO STAY DISCOVERY

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court. The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances." A stay is not favored because it can delay a timely resolution of the matter. Generally, courts disfavor staying pretrial proceedings even though dispositive motions are pending. Exceptions include:

- The case is likely to be finally concluded via the dispositive motion;
- The facts sought through discovery would not affect the resolution of the dispositive motion; or
- Discovery on all issues posed by the complaint would be wasteful and burdensome.

A party seeking a stay of discovery has the burden to clearly show a compelling reason for the issuance of a stay. *Accountable Health Sols. LLC v. Wellness Corporate Sols. LLC*, Case No. 16-cv-2494-DDC-TJJ (D. Kan. Sep. 13, 2016).

## III. ARGUMENT

1. On July 22, 2024, Defendants filed a Joint Motion to Continue the Rule 26(f) Conference and Postpone Entry of the Rule 16(b) Scheduling Order, citing the pending motions to dismiss Plaintiff's amended complaint, DE 33.

2

2. The Defendants argue that proceeding with the Rule 26(f) conference and the entry of the Rule 16(b) scheduling order it would be in the best interests of the parties and judicial economy for the Court to continue the deadline for the Rule 26(f) conference and to postpone entry of a Scheduling Order until after the Court rules upon the Defendants' Motions to Dismiss Plaintiff's Amended Complaint.

3. Defendant has failed to show that any of the exceptions in *Accountable Health Sols* are present in this case, warranting a stay of pretrial proceedings and discovery until after the District Judge rules on the pending motion to dismiss.

4. As cited in *Glowacki*, "the Court has frequently found that 'the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery.' *Bowens*, 2010 WL 3719245..." *Glowacki v. Duplay*, Civil Action 2:19-cv-5329 (S.D. Ohio Feb 28, 2020).

5. The Court further determined, "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741, 95 S.Ct. 1917 1928, 44 L.Ed.2d 539 (1975). *Glowacki v. Duplay*, Civil Action 2:19-cv-5329 (S.D. Ohio Feb 28, 2020).

6. Plaintiff asserts that proceeding with the discovery process is essential for the timely resolution of this case and for the Plaintiff's ability to adequately prepare for trial. Delaying the Rule 26(f) conference and the scheduling order could unfairly hinder the Plaintiff's pursuit of justice and extend the timeline for resolving this matter, which has already been delayed due to the way the

3

Defendants handling of judicial processes since 2014. As such, the Plaintiff

believes that the Defendants' motion to dismiss should not stop the start of

discovery and that the Rule 26(f) conference should happen as planned.


## IV. CONCUSION


For these reasons stated above, the Plaintiff respectfully asks that this Court deny the

Defendants' Joint Motion to Continue the Rule 26(f) Conference and Postpone Entry of

the Rule 16(b) Scheduling Order and grant any other relief deemed fair and appropriate.


Respectfully submitted,

August 5, 2024

/s/ *Cynthia B. Avens*

Cynthia B. Avens
303 Riverside Trail
Roanoke Rapids, NC 27870
avens1@charter.net
252-203-7107

## CERTIFICATE OF SERVICE

The Plaintiff hereby certifies that on August 7, 2024, she mailed by United States Postal Service, the Plaintiff's Motion to Deny Defendant's Joint Motion to Continue Rule 26(f) Conference and Postpone Entry of Rule 16(b) Scheduling Order to the Clerk of the U.S. District Court. Upon docketing, the CM/ECF system will send electronic notification of such filing to the defendants' counsel:

Respectfully submitted,

/s/ *Cynthia B. Avens*
Cynthia B. Avens
303 Riverside Trail
Roanoke Rapids, NC 27870
Avens1@charter.net
252-203-7107

Chris D. Agosto Carreiro
Special Deputy Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
ccarreiro@ncdoj.gov
Telephone: (919) 716-6874
Facsimile: (919) 716-6755
State Bar No. 45356
*Counsel for DA Dixon*

Jeremy D. Lindsley
Assistant Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
jlindsley@ncdoj.gov
Tel: 919-716-6920
Fax: 919-716-6764
NC State Bar No. 26235
*Counsel for Dr. Karen Kelly*

Daniel D. McClurg
K&L Gates LLP
300 South Tryon Street, Suite 1000
Charlotte, North Carolina 28202
daniel.mcclurg@klgates.com
(704) 331-7400
(704) 353-3114
NC Bar #53768
*Counsel for Defendant Pitt County Memorial Hospital, Inc.*

Terrence M. McKelvey
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
terrence.mckelvey@klgates.com
(615) 780-6700
(615) 780-6799
NC Bar #47940
*Counsel for Defendant Pitt County Memorial Hospital, Inc.*

5