IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:24-CV-00051-M

| | |
|---|---|
| **Cynthia B. Avens,** | |
| Plaintiff, | |
| v. | **Order** |
| **Faris C. Dixon, Jr.,** et al., | |
| Defendants. | |

This cause comes before the court upon the Defendants' motion to stay discovery and postpone the entry of a Scheduling Order. D.E. 54. It requests a stay until the court resolves their pending motions to dismiss. D.E. 45, 47, 49. The motion to stay contends that the motions to dismiss may resolve the case. So the time and expense attendant to discovery may be unnecessary. Avens opposes the motion to stay. D.E. 58. She argues that the motion to stay would be unjust and impede her "right to a timely resolution" of the matter. *Id*. at 1.

"A motion to stay discovery is tantamount to a request for a protective order prohibiting or limiting discovery pursuant to Rule 26(c)." *Kron Med. Corp.* v. *Groth*, 119 F.R.D. 636, 637 (M.D.N.C. 1988). Rule 26(c) of the Federal Rules of Civil Procedure gives the court, among other things, the authority to issue a protective order staying discovery while it resolves a motion to dismiss. *Tilley* v. *United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003); Fed. R. Civ. P. 26(c)(1)(B) & (D). As with all protective orders, the moving party must show good cause for the court to issue the order. Fed. R. Civ. P. 26(c)(1).

With no guidance from the Fourth Circuit, district courts have looked at several factors when considering whether to grant a motion to stay discovery. Among them are whether the motion, if granted, would dispose of the entire case, *Simpson* v. *Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988), the strength of the motion's arguments, *Tilley*, 270 F. Supp. 2d at 734–35; and whether discovery is necessary for the non-moving party to respond to the motion, *id.* at 734. But, at bottom, the court must "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Simpson*, 121 F.R.D. at 263.

Here, balancing these factors supports granting the motion to stay. Until the court disposes of the pending motions to dismiss, it is uncertain what discovery may be required. The resolution of the pending motions may narrow discovery or eliminate its need entirely. And the dispositive motions require no discovery for the court to decide them.

Defendants offered plausible arguments in support of the motions to dismiss. They contend that Amended Complaint fails to state a claim upon which relief may be granted and that the court lacks subject matter jurisdiction. Avens's responses to the motions to dismiss challenge those arguments and reiterate several of the allegations in the Amended Complaint. D.E. 53, 56, 57. On the other side of the ledger are the costs of discovery, which could be substantial.

It is an open question whether the court will grant the motions to dismiss. If the motions are granted, the time and resources devoted to discovery may be for naught. The court is mindful of a litigant's desire that a case move forward. But given the nature of the action, delaying discovery will not prejudice either side's ability to pursue its claims or defenses should the court deny the motions to dismiss.

After balancing the relevant factors, the court finds that the Defendants have shown good cause to stay discovery. So the court grants the motion to stay (D.E. 54) and orders that, unless they agree otherwise, the parties' Rule 26(f) meeting and report are postponed until the court resolves the pending motions to dismiss. If court the denies any of the motions to dismiss, in whole or in part, the parties must confer and submit an amended Rule 26(f) report within 14 days from the entry of the order on the motions.

Dated: August 19, 2024

_Robert T Numbers II_
_____
Robert T. Numbers, II
United States Magistrate Judge