UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Civil Action Number 4:24-CV-00051-M-RN

| | |
|---|---|
| CYNTHIA B. AVENS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FARIS C. DIXON, JR., DISTRICT )<br>ATTORNEY, PITT COUNTY )<br>MEMORIAL HOSPITAL, INC., DR. )<br>KAREN KELLY, MEDICAL EXAMINER, )<br>JOHN/JANE DOE, and JOHN/JANE DOE, )<br>)<br>Defendants. )<br>) | REPLY IN SUPPORT OF DEFENDANT<br>PITT COUNTY MEMORIAL HOSPITAL,<br>INC.'S MOTION TO DISMISS<br>PLAINTIFF'S AMENDED COMPLAINT |

Defendant Pitt County Memorial Hospital, Inc. d/b/a ECU Health Medical Center ("ECU Health") respectfully submits this Reply in Support of its Motion to Dismiss the Amended Complaint of Plaintiff Cynthia B. Avens ("Avens").

## I. INTRODUCTION

Avens' Response in Opposition to ECU Health's Motion to Dismiss is riddled with factual allegations that notably are absent from her Amended Complaint. (*See* D.E. 57 pp. 11-13, 15-16, 18-19, 21-25, 29-31, 34-38, 40-44, 48-49, 51-52, 54-59.) For instance, in advancing her otherwise unsupported claim that ECU Health engaged in intentional discrimination, Avens repeatedly asserts that the hospital "protected" a white nurse, Linda Brixon, R.N. ("Nurse Brixon"), who was involved in providing care for Avens' daughter, Keisha White ("White"), at the time of her death in 2014. (*Id.* at pp. 24-25, 35, 36, 39, 43, 44, 49, 51-52, 59.) This allegation not only is missing from the Amended Complaint, but it also cannot logically be reconciled with the allegation that *is* included in her pleading ECU Health's handling of Nurse Brixon, which is that Nurse Brixon's

employment was terminated in 2014 as a result of ECU Health's internal investigation into White's death. (Am. Compl. ¶ 69(a), D.E. 33.)

In her Response, Avens (1) confirms that her claims against ECU Health are time-barred;[1] (2) fails to identify a single concrete factual allegation in the Amended Complaint which would permit an inference of intentional discrimination;[2] (3) fails to articulate a basis for finding that ECU Health, a private hospital, is a state actor or violated Avens' constitutional rights;[3] (4) misconstrues ECU Health's arguments and attacks arguments that ECU Health does not make,[4] (D.E. 57 pp. 10-14, 16-18, 25-28, 32-34, 41, 47-48, 52, 53-60); and (5) improperly offers and relies upon extraneous evidence, (D.E. 57 pp. 10-14, 19, 23-24, 27, 30, 37, 40, 42). Because the Amended Complaint fails to allege a viable cause of action as to ECU Health, dismissal of Avens' claims against ECU Health is proper. The Court should grant ECU Health's Motion to Dismiss.

## II. ARGUMENT

### A. All of Avens' Claims Against ECU Health Are Time-Barred.

Avens' Response confirms that her claims against ECU Health are time-barred. In her own words, ECU Health's alleged "pattern of illegal conduct . . . persisted at least **through 2016**." (D.E. 57 p. 18 (emphasis added).) Avens' vague and conclusory assertion that ECU Health "interfered with the operations of the . . . medical examiner's (ME) office" in 2022 (*i.e.*, six years

---

[1] (*See* D.E. 50 pp. 6-11; *see also* Section II.A *infra*.)

[2] (*See* D.E. 50 pp. 16-19, 24-27; *see also* Section II.B *infra*.)

[3] (*See* D.E. 50 pp.12-16, 21; *see also* Section II.C *infra*.)

[4] For example, Avens offers extensive argument regarding the 2016 Settlement Agreement and Release that she admittedly signed. (D.E. 57 pp. 10-14, 27.) As noted in ECU Heath's Memorandum in Support, while all of the claims against ECU Health are barred by the terms of that agreement, "at this juncture, the Court need not reach that issue to dismiss all of Avens' claims." (D.E. 50 p. 11 n.10.)

2

later) and that this somehow "restarted the statute of limitations clock" is untenable. For starters, the Amended Complaint does not allege facts that would support the conclusion that ECU Health somehow "interfered" with the medical examiner's operations in 2022. Moreover, even if Avens had plausibly alleged interference within the limitations period, such conduct is separate and distinct from ECU Health's purported acts and omissions from 2014 to 2016, which form the basis of her claims against ECU Health. *See A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011) ("The first action does not establish a continuing violation because it is an allegation of an entirely new violation."); *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1167 (4th Cir. 1991) ("The challenged action must be repeated within the statute of limitations period."). Avens' repeated references to the "continuing wrong doctrine" and to "fraudulent concealment" of her claims do nothing to save her claims against ECU Health, which long have been time-barred and now should be dismissed.

**B.     Avens Fails to Plausibly Allege Intentional Discrimination.**

Each of Avens' claims that requires a showing of intentional discrimination -- *i.e.*, the Section 1981 claim, the Section 1985 claim, the Title VI claim, and the Section 1983 claim to the extent it is based upon the Equal Protection Clause of the Fourteenth Amendment -- fails because the Amended Complaint does not plausibly allege intentional discrimination by ECU Health. In her Response, Avens does not (and indeed cannot) point to a single concrete factual allegation in the Amended Complaint that would support a finding of intentional discrimination. The Amended Complaint contains only three factual allegations that remotely are relevant to Avens' claims of discrimination: (1) Avens and her daughter, White, are Black; (2) Nurse Brixon is White; and (3) ECU Health purportedly is a "predominantly white facility." (Am. Compl. p. 44, D.E. 33.) These allegations, which stand alone, fall far short of the required showing to permit an inference of intentional discrimination. The novel and contradictory allegations included in Avens'

3

Response, including that ECU Health "protected" Nurse Brixon, are not properly before the Court because they are not contained within her Amended Complaint, and even if they were, such allegation still would be insufficient to permit an inference of intentional discrimination. Avens' failure to plausibly allege intentional discrimination warrants dismissal of her claims that require a showing of discriminatory conduct.

C. **Avens Fails to Plausibly Allege a Violation of a Recognized Constitutional Right.**

Avens' Response also confirms that the Amended Complaint fails to plausibly allege that ECU Health violated any constitutional right that is personal to her, which is fatal to her Section 1983 claim. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("The first step in [a Section 1983] claim is to identify the specific constitutional right allegedly infringed."). Aside from her unsupported equal protection claim, Avens appears to allege violations of her due process and First Amendment rights. (D.E. 57 p. 34.)

While Avens generally invokes the term "due process," she fails to articulate any cognizable right afforded by the Due Process Clause of the Fourteenth Amendment that ECU Health allegedly violated. To the extent her Section 1983 claim is based upon ECU Health's purported interference with an "investigation into [Avens'] daughter's death" and "hindering her pursuit of justice," (Am. Compl. p. 52, D.E. 33), it is "well-settled" that individuals have "no right to a criminal investigation or criminal prosecution of another."[5] *Smith v. McCarthy*, 349 F. App'x 851, 859 (4th Cir. 2009); *see Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Murphy v. United States*, 2020 U.S. Dist. LEXIS 18852, 2020 WL 578941, at *4 (E.D.N.C. 2020) (dismissing due process claim because "[p]rivate citizens have no constitutional or other right to a criminal

---

[5] Although Avens acknowledges this "well-settled" principle in her Response, she calls upon the Court to disregard it in this case. (D.E. 57 p. 45.)

4

investigation."); *Johnson v. Staunton City Police Dep't*, 2019 U.S. Dist. LEXIS 83858, at *3 (W.D. Va. May 17, 2019) (concluding plaintiff's "complaints about the quality and sincerity of the police investigation" did not "give rise to any cognizable claim under § 1983").

Avens likewise has failed to plausibly allege facts tending to show that ECU Health prevented or prohibited her from exercising her right to free speech or took any action to retaliate against her for exercising that right. *See Snoeyenbos v. Curtis*, 60 F.4th 723, 730 (4th Cir. 2023) ("[A] plaintiff seeking to recover for First Amendment retaliation must allege that '(1) she engaged in protected First Amendment activity, (2) the defendants took some action that adversely affected her First Amendment rights, and (3) there was a causal relationship between her protected activity and the defendants' conduct.'" (citation omitted)). The Amended Complaint does not allege any action by ECU Health which "adversely affected [Avens'] First Amendment rights," much less that there was a causal relationship between the unidentified action and an adversely affected right.

While Avens argues in her Response that ECU Health somehow violated her First Amendment right to access the courts, that claim notably is absent from the Amended Complaint. However, assuming *arguendo* that the Amended Complaint had included a claim of denial of access to the courts, it would fall short for a variety of reasons, including that she has not been prevented from pursuing a non-frivolous legal claim and has not identified an underlying cause of action that she lost through ECU Health's alleged conduct. *See, e.g., Johnson v. Freeman*, 2022 U.S. Dist. LEXIS 64787, at *4-6 (W.D. Va. Apr. 7, 2022) (dismissing claim for denial of access to the courts where the plaintiff failed to allege a nonfrivolous legal claim that he lost); *Estate of Halloran v. United States*, 268 F. Supp. 2d 91, 96-97 (D. Mass. 2003) (dismissing access to courts claim where the complaint was not specific enough as to the lost cause of action or to the remedy of which the plaintiff allegedly was deprived).

5

Case 4:24-cv-00051-M-RN    Document 60    Filed 08/20/24    Page 5 of 7

Finally, even if Avens plausibly had alleged a violation of some constitutional right, she still has failed to identify any "official policy or custom" at ECU Health that "cause[d] the alleged deprivation of [her] federal rights," which is also fatal to her Section 1983 claim. *See Austin v. Paramount Parks, Inc.,* 195 F. 3d 715, 728 (4th Cir. 1999). Because Avens has not alleged facts sufficient to demonstrate that she suffered a deprivation of any constitutional rights, much less that the deprivation was caused by an "official policy or custom" of ECU Health, she fails to state a claim under Section 1983.

### III. CONCLUSION

For these reasons and for those stated in its Motion to Dismiss and supporting Memorandum of Law, ECU Health respectfully requests that the Court dismiss Avens' claims with prejudice.

Respectfully submitted, this the 20th day of August, 2024.

**K&L GATES LLP**

/s/ Daniel D. McClurg
Daniel D. McClurg (NC Bar #53768)
daniel.mcclurg@klgates.com
K&L Gates LLP
300 South Tryon Street, Suite 1000
Charlotte, North Carolina 28202
(704) 331-7444
(704) 353-3114

Terrence M. McKelvey (NC Bar #47940)
terrence.mckelvey@klgates.com
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
(615) 780-6700
(615) 780-6799

*Counsel for Defendant Pitt County Memorial Hospital, Inc.*

# CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing document was served upon all counsel of record via the Clerk of Court's ECF system and upon Plaintiff Cynthia B. Avens via U.S. Mail, postage prepaid, at the address listed below, this August 20, 2024:

| | |
|---|---|
| Cynthia B. Avens<br>303 Riverside Trail<br>Roanoke Rapids, North Carolina 27870 | Jeremy D. Linsley<br>North Carolina Department of Justice<br>P.O. Box 629<br>Raleigh, North Carolina 27602 |
| Chris D. Agosto Carreiro<br>Special Deputy Attorney General<br>North Carolina Department of Justice<br>P.O. Box 629<br>Raleigh, North Carolina 27602 | *Counsel for Defendant Karen Kelly, MD* |
| *Counsel for Defendant Faris C. Dixon, Jr.* | |

                                                              /s/ Daniel D. McClurg