# EXHIBIT 16:

# Information from NC Board of Nursing's Final Report

- Published Consent Order
- Letter to Avens
- Email regarding status of final report

## BEFORE THE BOARD OF NURSING
## OF THE STATE OF NORTH CAROLINA

In the matter of:            )

Linda Leathers Brixon, RN    )     **PUBLISHED CONSENT ORDER**

License # 115824)

This matter is before the North Carolina Board of Nursing ("Board") on information regarding Linda Leathers Brixon, RN ("Licensee"). Licensee knowingly and voluntarily waives her right to a formal hearing before the Board and any judicial review of such hearing in the above-referenced matter. Both parties stipulate and agree to the findings of fact and conclusions of law recited herein and to the order of discipline imposed. By her consent, the Licensee also stipulates that she knowingly and voluntarily waives her right to appeal this ORDER or challenge in any way the sufficiency of the findings of this ORDER. Licensee admits and the Board finds that:

### FINDINGS OF FACT

1.   The North Carolina Board of Nursing is a body duly organized under the laws of North Carolina and is the proper body for this proceeding under the authority granted it in Article 9A, Chapter 90 of the General Statutes of North Carolina, and the rules and regulations promulgated hereunder.

2.   Licensee is the holder of Registered Nurse License Number 115824, which expires on August 31, 2015.

3.   On June 2, 2014 and September 29, 2014, the Board received complaints and began its investigation. 

4.   On or about May 9, 2014, while employed at Vidant Medical Center in Greenville, North Carolina, Licensee was assigned as the primary nurse on the seven (7) p.m. to seven (7) a.m. shift for a twenty-six (26) year old patient who began experiencing a change in condition.

5.   On May 9, 2014 at 2241, Licensee documented the patient was pulling off her cardiac leads. There was an order for continuous cardiac monitoring, but there is no documentation the Nurse Practitioner was notified the patient was pulling off the cardiac leads until May 10, 2014 at 0011.

6.   On May 10, 2014 at midnight, Licensee documented the patient was agitated, anxious, confused and restless, pulling at equipment and attempting to get out of bed.

7.   On May 10, 2014 at 0011, Licensee documented the patient was crawling out of bed between the rails, stating she was hot and wanted to sleep on the floor.

## BEFORE THE BOARD OF NURSING
## OF THE STATE OF NORTH CAROLINA

In the matter of:            )

Linda Leathers Brixon, RN    )        **PUBLISHED CONSENT ORDER**

License # 115824)

8. On May 10, 2014 at 0011, Licensee contacted the Nurse Practitioner by telephone with concerns about patient safety and obtained a verbal order for vest and bilateral wrist restraints.

9. The cardiac monitoring technician documented contacting Licensee multiple times between May 9, 2014 at 1920 and May 10, 2014 at 0537 to make her aware the patient was not on the cardiac monitor. The last cardiac monitor strip was recorded on May 9, 2014 at 2332. The Nurse Practitioner stated he observed sinus rhythm on the monitor when he was examining the patient around 0030 on May 10, 2014.

10. Licensee did not maintain the placement of the telemetry monitor leads, even after the patient was placed in vest and bilateral wrist restraints on May 10, 2014 at 0011. When interviewed, Licensee reported when the cardiac leads were reapplied or adjusted, the patient would either pull off the leads or wiggle and loosen the leads. However, Licensee failed to notify the Nurse Practitioner or documents that these events had occurred.

11. On May 10, 2014 at 0151, Licensee obtained a verbal order for oxygen two (2) liters. There is no documentation the oxygen was placed on the patient.

12. On May 10, 2014 at 0200, Licensee documented an oxygen saturation of sixty-two (62) percent, but did not document the patient's respiratory rate or temperature.

13. Licensee acknowledged she did not call the Nurse Practitioner or notify the charge nurse of this oxygen saturation. Licensee stated after observing the patient, she thought the reading was not accurate.

14. Licensee did not provide adequate reassessment of the patient's hemodynamic status given the various sedating medications the patient was administered during the shift including two (2) doses of intravenous Lorazepam and two (2) doses of intravenous Hydromorphone.

15. No further vital signs were obtained after May 10, 2014 at 0200.

16. On May 10, 2014 at 0551, the patient was found in cardiac arrest by a care partner (CNA).

BEFORE THE BOARD OF NURSING
OF THE STATE OF NORTH CAROLINA

In the matter of:            )

Linda Leathers Brixon, RN    )    **PUBLISHED CONSENT ORDER**

License # 115824)

17. Licensee stipulates that such allegations, if proven, are legally sufficient to support Findings of Fact and Conclusions of Law that Licensee has violated N. C. Gen. Stat. 90-171.37 and the Board Regulations, as specified in the Findings of Fact and Conclusions of Law.

## CONCLUSIONS OF LAW

1. This matter is properly before the Board and the Board has jurisdiction over Licensee and the subject matter of this case.

2. Licensee's conduct, as set out in the findings of fact above, constitutes grounds for discipline pursuant to N.C. Gen. Stat. 90-171.37 as follows:

    (4) engages in conduct that endangers the public health;
    (7) has violated any provision of this Article;
    (8) has willfully violated any rules enacted by the Board;

and Rule 21 NCAC 36 .0217 (c)

    (4) failure to make available to another health care professional any client information crucial to the safety of the client's health care;
    (9) neglecting a client who is in need of nursing care, without making reasonable arrangements for the continuation of such care;
    (11) failure to maintain an accurate record for each client which records all pertinent health care information as defined in RN Rule 36 .0224 (f) (2);

and 21 NCAC 36 .0224

    (b) Assessment is an on-going process and consists of the determination of nursing care needs based upon collection and interpretation of data relevant to the health status of a client, group or community.
       (2) Interpretation of data includes:
           (A) analyzing the nature and inter-relationships of collected data;
           (B) determining the significance of data to client's health status, ability to care for self, and treatment regimen; and

## BEFORE THE BOARD OF NURSING
## OF THE STATE OF NORTH CAROLINA

In the matter of:            )

Linda Leathers Brixon, RN    )        **PUBLISHED CONSENT ORDER**

License # 115824)

    (d) Implementation of nursing activities is the initiating and delivering of nursing care according to an established plan, which includes, but is not limited to:
  - (2) implementing nursing interventions and medical orders consistent with 21 NCAC 36 .0221(c) and within an environment conducive to client safety;
  - (3) prioritizing and performing nursing interventions;
  - (4) analyzing responses to nursing interventions;
  - (5) modifying nursing interventions; and

    (e) Evaluation consists of determining the extent to which desired outcomes of nursing care are met and planning for subsequent care. Components of evaluation include:
  - (2) analyzing the effectiveness of nursing interventions; and
  - (3) modifying the plan of care based upon newly collected data, new problem identification, change in the client's status and expected outcomes.

3. Grounds exist pursuant to N.C. Gen. Stat. 90-171.37 for the Board to revoke or suspend a license to practice nursing and invoke other such disciplinary measures such as censure or probative terms against a licensee as it deems fit and proper.

## ORDER

1. Based on the Findings of Fact and Conclusions of Law, without further notice of proceedings, the Board enters into the following ORDER with Licensee:

2. Licensee's license will be SUSPENDED for six (6) months. At the expiration of the six (6) month suspension, the Licensee will be issued a Probationary License for six (6) months but not longer than twelve (12) months, to successfully comply with the following conditions:

    1. Shall comply with the Board's probation program. Licensee shall fully comply with the terms and conditions of the Probation program established by the Board and cooperate with representatives of the Board in its monitoring and investigation of the Licensee's compliance with the program.

BEFORE THE BOARD OF NURSING
OF THE STATE OF NORTH CAROLINA

In the matter of: )

Linda Leathers Brixon, RN )      **PUBLISHED CONSENT ORDER**

License # 115824)

2. Shall not serve in a volunteer position in any healthcare related, licensed position while under probation conditions.

3. Shall notify the Board, in writing within five (5) days, of any change in address or employment status. This includes new employment, probation, suspension, termination/resignation from employment, medical leave and FMLA. Licensee must also notify the Board of any change in supervisor, by telephone within twenty-four (24) hours and in writing within five (5) days.

4. Shall inform prospective supervisor of probation conditions during the interview process and share a copy of these conditions prior to beginning employment.

5. Shall be employed in a licensed nursing position and shall have quarterly written performance reports submitted to the Board from all employers. The quarterly reports must involve three (3) consecutive months of employment as a nurse in the same facility and must show an average of sixty-four (64) hours worked per month. Report must be signed by an RN or licensed healthcare provider approved by the Board.

6. Shall continue to perform duties in a safe and competent manner, satisfactory to the Board.

7. Shall notify the Board, by telephone within twenty-four (24) hours and in writing within five (5) days, of any DUI/DWI and misdemeanor/felony charges. Following final disposition of the charges, notify the Board by telephone within twenty-four (24) hours and in writing within five (5) days of the outcome.

8. Shall appear in person at interviews/meetings as directed by the Board.

9. In accordance with the Interstate Compact for Nurse Licensure, the Licensee shall not practice in any other compact state until Licensee has completed probationary conditions or has obtained prior written authorization from the North Carolina Board of Nursing and the other compact state's Board of Nursing.

10. Shall work for at least six (6) months under the direction of an on-site RN.

## BEFORE THE BOARD OF NURSING
## OF THE STATE OF NORTH CAROLINA

In the matter of:            )

Linda Leathers Brixon, RN    )    **PUBLISHED CONSENT ORDER**

License # 115824)

1. Shall submit proof of successful completion for the following course(s)
   1. within six (6) months of acceptance of this ORDER:
      a. www.rn.com online course entitled, "Professional Documentation: Safe, Effective and Legal"
      b. Ethical Legal Decision Making course offered by a Board approved provider (List of providers to be mailed to Licensee upon acceptance of Consent Order)

3. If probationary conditions are not completed within twelve (12) months, Licensee may petition to appear before the Licensure Review Panel to request an extension of time to complete probationary conditions. If Licensee does not request an extension, the license will be suspended.

4. If, during the period of this ORDER, the staff of the Board receives evidence that the Licensee has violated any of the above conditions, or if the Board determines that such violations have occurred, the Board may, after appropriate notice, suspend or revoke the license, or revoke the stay and impose the disciplinary action that was stayed.

5. In the event the Board determines that the Licensee has violated any of the conditions of this ORDER, and the Licensee disputes that such a violation of the conditions has occurred, Licensee must file such objection in writing with the Board **WITHIN TEN (10) BUSINESS DAYS** of the date of the notice of the violations to Licensee. The notice to the Board shall contain, with specificity, the violations disputed. Failure to submit a timely notice of objection shall constitute a waiver of Licensee's right to dispute the Board determination.

6. When proper notice of objection has been filed with the Board, the Licensee will be provided a Hearing before the Board at the next available meeting of the Board for which appropriate notice can be provided, or scheduled by consent of the parties.

7. Any suspension of the license will be for a minimum of six (6) months;

8. Licensee may terminate this ORDER at any time by submitting a signed and notarized Consent to Withdraw form. Withdrawal from this ORDER will result in suspension of the nursing license for a minimum of six (6) months.

9. This ORDER is public record, as required by N.C. General Statute § 132, and will be placed in the Licensee's file. All disciplinary actions taken by the Board will be reported

## BEFORE THE BOARD OF NURSING
## OF THE STATE OF NORTH CAROLINA

In the matter of:              )

Linda Leathers Brixon, RN  )     **PUBLISHED CONSENT ORDER**

License # 115824)

to the appropriate entities as outlined in Board policy and as required by state and/or federal guidelines. Those entities include, but may not be limited to, NURSYS, National Practitioner Data Bank (NPDB), the Office of the Inspector General (OIG) and any other state/jurisdiction in which the Licensee is or has been licensed.

10.     This ORDER shall take effect immediately when returned to the Board office after proper execution by both the Licensee and the Board.

**THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK**

## BEFORE THE BOARD OF NURSING
## OF THE STATE OF NORTH CAROLINA

In the matter of: )

Linda Leathers Brixon, RN ) **PUBLISHED CONSENT ORDER**

License # 115824)

By order of the North Carolina Board of Nursing this the 1st day of September, 2015.

*Julia L. George*

Julia L. George, RN, MSN, FRE
Executive Director

Consented to this the 18th day of November, 2015.

*Vicki Goldstein*
Vicki Goldstein, Attorney Signature

*Linda Leathers Brixon*
Linda Leathers Brixon, Licensee Signature

State of North Carolina

County of Pitt

I, PAIGE ANDERSON, a Notary Public for the above named County and State, do hereby certify that Linda Leathers Brixon personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

Witness my hand and official seal

This the 18th day of November, 2015.

*Paige Anderson*
Notary Public

(Seal)
Paige Anderson
Notary Public
Cumberland County
North Carolina 8-3-17
My Commission Expires

My commission expires: 8-03-2017

Martha Ann Harrell, Public Member
Chair
Jacqueline Ring, RN, MBA, MHA
Vice-Chair
Julia L. George, RN, MSN, FRE
Executive Director



P.O. Box 2129
Raleigh, North Carolina 27602
919.782.3211
FAX 919.781.9461
Nurse Aide II Registry 919.782.7499
www.ncbon.com

July 21, 2015

Ms. Cynthia Avens
400 Poplar St.
Weldon, NC 27890

Dear Ms. Avens:

This letter is to inform you of the decisions of the cases that were investigated resulting from your complaint. I want to assure you the Board of Nursing staff have diligently reviewed all of the information received and have conducted a thorough investigation related to the complaint regarding the care of your daughter, Keisha White, at Vidant Medical Center in Greenville, NC.

The mission of the Board of Nursing is to protect the public through the regulation of safe, effective nursing care. The Board is held to a legal standard of ensuring there is "clear and convincing" evidence a nurse has violated law(s) which govern nursing practice. The authority to discipline its licensee extends only as far as it is expressly set forth in the statues and regulations governing the practice of nursing in North Carolina.

The decisions of the Board staff are as follows:

**Linda Brixon, Registered Nurse**

Six (6) month suspension followed by a six (6) month probationary license and required courses.

**Elliotte Pearson, Advanced Practice Registered Nurse**

Public Letter of Concern and required course

**Vicki Haddock, Registered Nurse**
**Monica Wilson, Registered Nurse**
**Elizabeth Everette, Registered Nurse**

No Action.

The North Carolina Board of Nursing would like to thank you for bringing your concerns to our attention and for allowing us the opportunity to respond to you.

Sincerely,

Ruth Ann Go, RN, LNC
Regulation Consultant
919-782-3211, ext. 229

*Serving the Public through Regulatory Excellence*

Subject: Re: Linda Brixon
Date: January 16, 2016 at 7:14 AM EST
From: Amy Fitzhugh<afitzhugh@ncbon.com>
To: avens1@charter.net
Cc: amatthes@ncbon.com

Ms Avens,
Thank you for your email.
We will process your request for the documents which are public record within 45 days.
Best Regards,
Amy Fitzhugh

Sent from my iPhone

On Jan 16, 2016, at 4:00 AM, "avens1@charter.net" <avens1@charter.net> wrote:

> Cynthia Avens
> 400 Poplar Street
> Weldon, North Carolina 27890
> Avens1@charter.net
>
> January 16, 2016
>
> I want to point out this statute to you in hopes that you will reconsider your discipline determination of a six month suspension for Linda Leathers Brixon. It's not hard to make the connection that Brixon's behavior in regards to my daughter's (Keisha White's) death at Vidant Medical Center on May 10, 2014, and her cause of death being anoxic brain injury, that this statute had been violated. So again, I ask, will you please revoke her license permanently due to violation of NC laws regarding patient abuse and neglect being the proximate cause of death?
>
> Along with that, I also request that you notify the Greenville Police Department and report Linda Brixon's actions as a crime.
>
> I was also told that I would be receiving a copy of your report, but have not received it. Can you give me a timeframe on when I can expect it?
>
> Cynthia Avens
>
> Amy Fitzhugh,
> Staff Attorney
>
> North Carolina Board of Nursing