UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Civil Action Number 4:24-CV-00051-M-RN

| | |
|---|---|
| CYNTHIA B. AVENS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM IN SUPPORT OF |
| ) | DEFENDANT PITT COUNTY |
| FARIS C. DIXON, JR., DISTRICT ) | MEMORIAL HOSPITAL, INC.'S |
| ATTORNEY, PITT COUNTY ) | MOTION TO SEAL DOCUMENT FILED |
| MEMORIAL HOSPITAL, INC., DR. ) | BY PLAINTIFF AT D.E. 57-1 |
| KAREN KELLY, MEDICAL EXAMINER, ) | |
| JOHN/JANE DOE, and JOHN/JANE DOE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Defendant Pitt County Memorial Hospital, Inc. d/b/a ECU Health Medical Center ("ECU Health") respectfully submits this Memorandum of Law in Support of its Motion to Seal Document Filed by Plaintiff at D.E. 57-1.

I. **BACKGROUND**

On August 5, 2024, Plaintiff Cynthia B. Avens ("Avens") filed a Response in Opposition to ECU Health's Motion to Dismiss. (D.E. 57.) As Exhibit 12 to the Response, Avens filed an unsigned draft version of a 2016 Settlement Agreement and Release (the "Draft Settlement Agreement"). (D.E. 57-1.) The Draft Settlement Agreement reflects many of the material terms of an agreement subsequently entered into by and between ECU Health and Avens (the "Final Settlement Agreement"). The terms of the Draft Settlement Agreement are confidential, and confidentiality is a material term of the Final Settlement Agreement.

Because the Draft Settlement Agreement was filed publicly without an accompanying motion for leave to file under seal, ECU Health has requested, on several occasions, that Avens

take corrective action to ensure that it is removed from the public record. Specifically, by letter sent by ECU Health's counsel and received by Avens on August 9, 2024, ECU Health reminded Avens of her confidentiality obligations under the Final Settlement Agreement and requested that she "please take immediate action" to address the disclosure of the confidential information on the public record, and asked that she do so by August 14, 2024. (*See* D.E. 62-1.) Avens responded via e-mail the next day, noting that "the three business days you require for compliance is an unfair expectation." (*See* Exhibit A hereto.) In response, counsel for ECU Health expressed understanding, but asked that Avens "please let us know if [she] intend to initiate steps to remove the filed version of the Settlement Agreement from the docket[.]" (*See* Exhibit A.) ECI Health's counsel followed up again on August 20, 2024, by e-mail asking that Avens "please let us know as soon as possible" if she intended "to initiate steps to remove from the docket the version of the Settlement Agreement." (*See* Exhibit A.) While Avens did not respond, her recent filing, (*see* D.E. 62), strongly suggests that she does not intend to take corrective action to have the confidential Draft Settlement Agreement sealed or otherwise removed from the public record.

## II. STANDARD OF REVIEW

As a general rule, the public has a right to inspect documents filed with the Court. *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984). This right, however, is not absolute. *Id.* Instead, the Court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Id.* In determining whether to exercise its power to seal, the Court should consider (1) "whether the records [would be used] for improper purposes, such as promoting public scandals," (2) "whether release [of the documents] would enhance the public's understanding of an important historical event," and (3) "whether the public already ha[s] access to the information contained in the [documents]." *Id.* In

addition, the Court must consider whether alternative means of protecting the information exist that are less restrictive than sealing the document. *Id.* One such alternative means of protection is redaction. *May v. Medtronic*, 05-794, 2006 WL 1328765, at *1 (D.S.C. May 15, 2006). If, however, redacting a document renders it meaningless, redaction is not a proper alternative to sealing. *Id.* Before exercising its power to seal, the district court must "provide public notice of the request to seal and allow interested parties a reasonable opportunity to object." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir.2000) (internal quotation marks omitted). This requirement is satisfied through electronic docketing of the motion to seal. *May*, 2006 WL 1328765 at *1.

### III. LAW AND ARGUMENT

The Draft Settlement Agreement from 2016 should be sealed because the potential harm to the parties is substantial, and the public interest is minimal. Although the Draft Settlement Agreement is not identical to the Final Settlement Agreement which ultimately was consummated by and between Avens and ECU Health, most of the terms are substantially the same.

As an initial matter, confidentiality is a key and fundamental term of the parties' Final Settlement Agreement, and was a critical inducement for the parties in agreeing to enter into the Final Settlement Agreement and settle the dispute in 2016. The Draft Settlement Agreement (and the Final Settlement Agreement) by its terms does not allow Avens or ECU Health to reveal its contents in a public forum. Indeed, the parties expressly agreed that neither would disclose its terms and conditions without the written consent of the other. There are logical and sound business and personal reasons for this type of confidentiality where financial and non-public terms of a transaction are contained in the agreement between private parties. If the Draft Settlement Agreement remains public, the potential legal harm to Avens, in particular, is significant in light

3

Case 4:24-cv-00051-M-RN    Document 64    Filed 08/28/24    Page 3 of 5

of the enforcement mechanism and the legal consequences of breaching the confidentiality provision contained within the Final Settlement Agreement.

No important public interests counterbalance these substantial potential harms. Redaction is not a viable remedy to non-disclosure. There is no way to meaningfully redact the Draft Settlement Agreement, as it contain lengthy descriptions of the terms and discussions of the claims and defenses at issue, the removal of which would be impractical and would render a public version of the document meaningless.

Avens is a party to the Final Settlement Agreement and agreed to be bound by its terms. Thus, while ECU Health has not obtained the express consent of Avens to the relief sought through the present Motion, she should be deemed to have consented to the instant motion because it simply enforces the intent Avens expressed when the Final Settlement Agreement was signed.

## IV. **CONCLUSION**

For these reasons, ECU Health respectfully requests that the Court grant its Motion and immediately seal the Draft Settlement Agreement. (D.E. 57-1.)

Respectfully submitted,

/s/ Daniel D. McClurg
Daniel D. McClurg (NC Bar #53768)
daniel.mcclurg@klgates.com
K&L Gates LLP
300 South Tryon Street, Suite 1000
Charlotte, North Carolina 28202
(704) 331-7444
(704) 353-3114

Terrence M. McKelvey (NC Bar #47940)
terrence.mckelvey@klgates.com
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
(615) 780-6700
(615) 780-6799

*Counsel for Pitt County Memorial Hospital, Inc.*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing document was served upon all counsel of record via the Clerk of Court's ECF system and upon Plaintiff Cynthia B. Avens via U.S. Mail, postage prepaid, at the address listed below, this August 28, 2024:

Cynthia B. Avens
303 Riverside Trail
Roanoke Rapids, North Carolina 27870

Chris D. Agosto Carreiro
Special Deputy Attorney General
North Carolina Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602

*Counsel for Defendant Faris C. Dixon, Jr.*

Jeremy D. Linsley
North Carolina Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602

*Counsel for Defendant Karen Kelly, MD*

                                            /s/ Daniel D. McClurg

5

Case 4:24-cv-00051-M-RN    Document 64    Filed 08/28/24    Page 5 of 5