IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

EASTERN DIVISION

Civil Action Number 4:24-CV-00051-M-RN



| | |
|---|---|
| Cynthia B. Avens ) | |
| ) | |
| (Plaintiff) ) | PLAINTIFF'S RESPONSE IN |
| ) | OPPOSITION TO PITT COUNTY |
| ) | MEMORIAL HOSPITAL, INC.'S |
| Faris C. Dixon, Jr., District Attorney ) | MOTION TO SEAL AND |
| Pitt County Memorial Hospital, Inc. ) | MEMORANDUM IN SUPPORT |
| Dr. Karen Kelly, Medical Examiner ) | DE 63 & 64 |
| John/Jane Doe ) | |
| John/Jane Doe ) | |
| John/Jane Doe ) | |
| (Defendants) ) | |

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SEAL

Plaintiff Cynthia B. Avens, proceeding pro se, respectfully submits this response in opposition to Defendant Pitt County Memorial Hospital, Inc.'s ("ECU Health") Motion to Seal the Draft Settlement Agreement ("Agreement") filed at D.E. 57-1.

**1. Misrepresentation of Requests to Strike vs. Seal**

Defendant's motion inaccurately claims that Plaintiff refused several requests to seal the Agreement. In reality, Defendant's counsel, Attorneys Terrence McKelvey and Daniel McClurg, (collectively, "Gates") initially demanded that Plaintiff "strike" the document,

1

followed by several requests to "remove" the document, essentially having equal effect of deleting the document from the docket entirely. At no time did Gates propose sealing as an alternative. (See Defendant's DE 64 Exhibit A and Plaintiff's DE 62 Exhibit 15.) This is a critical distinction because sealing would preserve the document as evidence, while striking would eliminate it from the court's record. Plaintiff rightfully refused to strike the document given its evidentiary importance, particularly in light of Defendant's use of the agreement as a sword and shield.

## 2. Procedural Tactics and Shifting Demands

Gates could have filed a motion to strike the Agreement when they initially attempted to coerce Plaintiff into removing it on August 9, 2024. However, they did not. Gates could have also filed a motion to seal it at that time. They did not. Counsel for the Defendant attempted, instead, to harass the Plaintiff (DE 62 Exhibit 15). Only after Plaintiff filed her Motion to Determine the Validity and Applicability of the Agreement (DE 62), which requests that the document remain on the docket in its unredacted form based on the "sword and shield" and "opening the door" doctrines, did Gates change their approach. Now, they seek to soften their stance by shifting to a motion to seal, while inaccurately blaming Plaintiff for not taking steps they never requested.

### 3. Coercive Demands and Threats of Penalty

Gates imposed a coercive three-business-day deadline, threatening Plaintiff with a $50,000 penalty for an alleged breach of confidentiality. As a pro se litigant without the resources of legal counsel, Plaintiff faced an unreasonable and burdensome demand that was designed to intimidate rather than resolve. These tactics highlight Gates's ongoing attempts to manipulate the court process and unfairly penalize Plaintiff.[1] This coercion is particularly egregious given that Counsel for Defendant effectively waived the confidentiality of the Agreement by using the document against Plaintiff and specifically addressing the consideration received. They also attempted to discredit Plaintiff by stating, "*the Amended Complaint is silent regarding the status of the consideration Avens received in exchange for the release contained within that purportedly void agreement.*" (DE 50 p. 5 Footnote 5).

### 4. Public Perception

As Gates has now switched its strategy by asking the Court to seal the Agreement, it is clear that they continue to shield themselves from public scrutiny. This tactic unfairly targets the Plaintiff for the following reasons:

---

[1] While Plaintiff has voluntarily undertaken significant personal burdens to meet her own filing deadlines, including working through the night and incurring personal expenses, as demonstrated in the preparation of DE 61 and 62, Defendant's imposition of a coercive and unrealistic three-day compliance demand is fundamentally different. The court should not equate Plaintiff's voluntary actions with an opposing party's attempt to force compliance under threat of penalty, particularly when such demands are disproportionate to the resources available to a pro se litigant.

3

Case 4:24-cv-00051-M-RN    Document 65    Filed 08/29/24    Page 3 of 6

a. Gates's use of the 2016 Agreement as an affirmative defense to inappropriately bar Plaintiff's current civil rights claims remains publicly accessible.

b. Gates's statement regarding the Plaintiff's silence on the document also remains publicly available.

c. These assertions by Gates, which will remain on the public record, have the potential to falsely suggest that the Plaintiff's claims lack merit.

d. These public assertions have the potential to falsely portray the Plaintiff as having something to hide.

Gates's motion to seal the Agreement serves only to protect their misrepresentation of the Agreement from public scrutiny while maintaining wrongful use of the Agreement against the Plaintiff in their public arguments.

## 5. Defendant's Strategic Change of Course

Defendant's motion to seal comes only after Plaintiff's recent filing requesting the court to evaluate the validity and applicability of the Agreement and to allow it to remain on the docket. Defendant's strategic shift from requesting that the document be struck to now seeking to seal it demonstrates an attempt to evade the implications of Plaintiff's arguments regarding the agreement's role in the current litigation. Defendant's counsel is attempting to retroactively change their demands to a less severe action and place blame on Plaintiff, despite their own failure to seek a court-ordered resolution earlier.

4

Case 4:24-cv-00051-M-RN    Document 65    Filed 08/29/24    Page 4 of 6

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the court deny Defendant's Motion to Seal. Plaintiff further requests that the court uphold the arguments presented in her prior motion to determine the Agreement's validity, applicability, and its presence on the docket in unredacted form. Defendant's shifting tactics should not be permitted to obscure the material importance of the agreement to the proceedings or to impose undue penalties on Plaintiff.

Respectfully submitted,

August 29, 2024
/s/ Cynthia B. Avens
Cynthia B. Avens
303 Riverside Trail
Roanoke Rapids, NC 27870
Avens1@charter.net
252-203-7107
Pro Se Litigant

CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2024, the Plaintiff's Response In Opposition To Defendant's Motion To Seal And Memorandum In Support DE 63 and 64 was delivered in person to the Clerk of the U.S. District Court in Greenville, NC. Upon docketing, the CM/ECF system will send electronic notification of such filing to the defendants' counsel. Respectfully submitted,

/s/ *Cynthia B. Avens*
Cynthia B. Avens
303 Riverside Trail
Roanoke Rapids, NC 27870
Avens1@charter.net
252-203-7107
*Pro Se Litigant*

Chris D. Agosto Carreiro
Special Deputy Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
ccarreiro@ncdoj.gov
Telephone: (919) 716-6874
Facsimile: (919) 716-6755
State Bar No. 45356
*Counsel for DA Faris Dixon*

Jeremy D. Lindsley
Assistant Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
jlindsley@ncdoj.gov
Tel: 919-716-6920
Fax: 919-716-6764
NC State Bar No. 26235
*Counsel for Dr. Karen Kelly*

Daniel D. McClurg
K&L Gates LLP
300 South Tryon Street, Suite 1000
Charlotte, North Carolina 28202
daniel.mcclurg@klgates.com
(704) 331-7400
(704) 353-3114
NC Bar #53768
*Counsel for Pitt County Memorial Hospital, Inc.*

Terrence M. McKelvey
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
terrence.mckelvey@klgates.com
(615) 780-6700
(615) 780-6799
NC Bar #47940
*Counsel for Pitt County Memorial Hospital, Inc.*