UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Civil Action Number 4:24-CV-00051-M-RN

| | |
|---|---|
| CYNTHIA B. AVENS )<br>)<br>    Plaintiff, )<br>)<br>  v. )<br>)<br>FARIS C. DIXON, JR., DISTRICT )<br>ATTORNEY, PITT COUNTY )<br>MEMORIAL HOSPITAL, INC., DR. )<br>KAREN KELLY, MEDICAL EXAMINER, )<br>JOHN/JANE DOE, and JOHN/JANE DOE, )<br>)<br>    Defendants. )<br>) | RESPONSE IN OPPOSITION TO<br>PLAINTIFF'S MOTION TO<br>DETERMINE VALIDITY AND<br>APPLICABILITY OF 2016<br>SETTLEMENT AGREEMENT AND<br>ADDRESS ETHICS AND TACTICS OF<br>OPPOSING COUNSEL |

Defendant Pitt County Memorial Hospital, Inc. d/b/a ECU Health Medical Center ("ECU Health") respectfully submits this Response in Opposition to Plaintiff Cynthia B. Avens' ("Avens") "Motion to Determine Validity and Applicability of 2016 Settlement Agreement and Address Ethics and Tactics of Opposing Counsel" (the "Motion"). (D.E. 62.)

## NATURE OF THE CASE

While Avens' Motion does not identify the procedural rule upon which it is based, it most closely resembles a motion for summary judgment, asking that the Court decide (i) whether an April 2016 Settlement Agreement and Release ("Settlement Agreement") between Avens and ECU Health is valid and (ii) whether said agreement operates to bar the claims she asserts against ECU Health in this case. The Motion should be denied because, *inter alia*, it is in substance a premature motion for summary judgment on an anticipated affirmative defense which ECU Health has not formally asserted in a responsive pleading. Moreover, because ECU Health's pending Motion to Dismiss does not rely upon the Settlement Agreement as a basis for dismissal,

substantive arguments and issues related to the Settlement Agreement are not properly before the Court.

Separately, relying upon written communications in which undersigned counsel requested that Avens take appropriate action to have the confidential Settlement Agreement removed from the public record, she requests that the Court "[d]etermine whether the[se] actions … constitute coercion or improper conduct that warrants further judicial scrutiny." (D.E. 62 p. 11.) Her characterization of these communications as "threats and intimidation tactics" cannot be reconciled with reality, and her argument crumbles based on the content of these communications.

## STATEMENT OF FACTS

None of the affirmative claims included in Avens' Amended Complaint arise out of her entry into the April 2016 Settlement Agreement. In her Amended Complaint, she acknowledged signing a "settlement agreement" in 2016 which related to her "former wrongful death case" but alleged that the "settlement agreement does not constitute a binding contract" because it was "fraudulent, coerced, and based on incomplete disclosure." (Am. Compl. pp. 48-49, D.E. 33.)

None of ECU Health's substantive arguments in support of its pending Motion to Dismiss the Amended Complaint are premised upon the April 2016 Settlement Agreement. As noted in its Memorandum of Law in Support of the Motion to Dismiss, while every claim against ECU Health is barred by the terms of the Settlement Agreement, "at this juncture, the Court need not reach that issue to dismiss all of Avens' claims." (D.E. 50 p. 11 n.10.) Recognizing that the scope of the Court's review on a Rule 12(b)(6) motion is limited, and in light of the strength of the other articulated bases for dismissal, ECU Health made clear that it was not relying upon the Settlement Agreement as a basis for dismissal at this juncture.

On August 5, 2024, Avens filed a Response in Opposition to ECU Health's Motion to

Dismiss, (D.E. 57), attaching an unsigned draft version of the confidential Settlement Agreement as a public exhibit, (D.E. 57-1).[1] Because the confidential document was filed publicly, ECU Health requested, on several occasions, that Avens take appropriate corrective action and have the Settlement Agreement removed from the public record. (D.E. 62-1; D.E. 64-1.) Rather than addressing the issue, she opted to file the present Motion, baselessly accusing undersigned counsel of "using threats and intimidation tactics" which "border on the lines of criminal activity" and "implies collusion and conspiracy." (D.E. 62 pp. 10, 20, 22.)

## ARGUMENT

### I. Issues Regarding the Validity and Applicability of the Settlement Agreement are Not Properly Before the Court.

Issues relating to the Settlement Agreement are not properly before the Court. ECU Health and Avens seemingly agree on one key point: The Settlement Agreement has no bearing on whether the Court should grant ECU Health's pending Motion to Dismiss.

Because Avens' Motion cannot be construed as anything other than one for summary judgment, *see Hill v. Durrett*, 264 N.C. App. 367, 374 (2019) ("To paraphrase a popular expression: if it looks like summary judgment, walks like summary judgment, and quacks like summary judgment, it is reasonable to infer that it is summary judgment."), it should be denied as premature, *see, e.g., Shaw v. Foreman*, 59 F.4th 121, 128-29 (4th Cir. 2023) ("[P]remature summary judgment is particularly disfavored in the context of *pro se* litigation."). Through the Motion, Avens moves for summary judgment on an affirmative defense before ECU Health has even had an opportunity to assert the defense in a pleading responsive to the Amended Complaint. The pleadings have not closed, and no discovery has been conducted in this case. In the unlikely

---

[1] The draft Settlement Agreement reflects many of the material terms of the Settlement Agreement which Avens ultimately signed on April 25, 2016.

event that any of Avens' claims survive the pending Motion to Dismiss, ECU Health certainly intends to rely upon the Settlement Agreement as an affirmative defense.[2] However, at this point in the proceeding, ECU Health has not filed an answer, and that defense has not formally been asserted. To be sure, a motion for summary judgment on an affirmative defense which has not yet been pled is premature. *Cf. McCray v. Md. Dep't of Transp., Md. Transit Admin.*, 741 F.3d 480, 483 (4th Cir. 2014) ("In general, summary judgment should only be granted 'after adequate time for discovery.'" (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)); *Jacobs v. Robeson Cty. Pub. Library*, 2012 U.S. Dist. LEXIS 128182, at *8-9, 2012 WL 3960314 (E.D.N.C. May 18, 2012) (denying motion for summary judgment as premature where *pro se* "Plaintiff filed her motion before Defendants answered her amended complaint" and "discovery between the parties has not yet commenced").

Unless the Court directs otherwise, ECU Health respectfully declines to address the merits of Avens' argument that the Settlement Agreement is invalid. Simply put, while ECU health vehemently disagrees, this issue is not properly before the Court.[3]

## II. Avens' Accusations of Unethical Conduct Are Baseless.

To the extent Avens argues that the undersigned counsel engaged in misconduct in that counsel requested that she take necessary and appropriate action to have the confidential

---

[2] The more likely outcome is that the Court's forthcoming Order on ECU Health's pending Motion to Dismiss will render these issues moot.

[3] It nevertheless bears noting that Avens' entire substantive argument is premised upon a faulty timeline. Avens argues that Settlement Agreement is invalid because she was unaware of certain details regarding her daughter's case until she received the Board of Nursing's "final report" in **March 2016**. (D.E. 62 pp. 2-5, 11-13; *see* Am. Compl. ¶ 103, D.E. 33.) She, however, did not execute the Settlement Agreement until **April 25, 2016**. In other words, she received the BON report weeks before entering into the Settlement Agreement. Thus, even applying Avens' erroneous legal theory -- *i.e.*, that the Settlement Agreement would somehow be invalid if she was unaware of publicly available facts when she executed it -- her argument still fails.

Settlement Agreement removed from the public record, the actual communications tell a vastly different story. After Avens publicly filed the Settlement Agreement in direct violation of the confidentiality provisions of that agreement, corrective action was necessary to ensure that it was removed from the public record. To that end, in an August 9, 2024, correspondence, ECU Health reminded Avens of her confidentiality obligations under the Settlement Agreement and requested that she "please take immediate action" to address the disclosure of the confidential information on the public record, and asked that she do so by August 14, 2024. (*See* D.E. 62-1 p. 4.) She responded via e-mail the next day, noting that "the three business days you require for compliance is an unfair expectation." (D.E. 64-1 p. 3.) In response, counsel for ECU Health expressed understanding, but asked that Avens "please let us know if [she] intend to initiate steps to remove the filed version of the Settlement Agreement from the docket[.]" (D.E. 64-1 p. 2.) Counsel followed up again via e-mail on August 20, 2024, asking that she "please let us know as soon as possible" if she intended "to initiate steps to remove from the docket the version of the Settlement Agreement." (D.E. 64-1 p. 2.)

Rather than attempting to take corrective action, Avens opted to file the present Motion,[4] accusing counsel for ECU Health of engaging in "unethical behavior designed to suppress evidence and intimidate a litigant" including "using threats and intimidation tactics" which "border on the lines of criminal activity," was "aimed to bully Avens into submission," and "implies collusion and conspiracy to control the narrative and obstruct justice." (D.E. 62 p. 10, 18, 20, 22.) Fortunately, Avens' argument rests entirely upon written communications which are already before the Court and speak for themselves. (*See* D.E. 62-1; D.E. 64-1.) Her characterizations of

---

[4] In her 23-page Motion, which was filed 13 days after ECU Health initially requested that she take action to have the Settlement Agreement removed from the public record, Avens confusingly argues that ECU Health did not give her enough time to take corrective action. (D.E. 62 p. 19.)

those communications cannot be reconciled with their actual substance and therefore provide no support for her contention that the undersigned engaged in unethical conduct simply by requesting that Avens comply with her obligation to keep the Settlement Agreement confidential.

## CONCLUSION

For these reasons, ECU Health respectfully requests that the Court deny Avens' Motion.

Respectfully submitted, this the 3rd day of September, 2024.

**K&L GATES LLP**

/s/ Daniel D. McClurg
Daniel D. McClurg (NC Bar #53768)
daniel.mcclurg@klgates.com
K&L Gates LLP
300 South Tryon Street, Suite 1000
Charlotte, North Carolina 28202
(704) 331-7444
(704) 353-3114

Terrence M. McKelvey (NC Bar #47940)
terrence.mckelvey@klgates.com
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
(615) 780-6700
(615) 780-6799

*Counsel for Defendant Pitt County Memorial Hospital, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served upon all counsel of record via the Clerk of Court's ECF system and upon Plaintiff Cynthia B. Avens via U.S. Mail, postage prepaid, at the address listed below, this September 3, 2024:

Cynthia B. Avens
303 Riverside Trail
Roanoke Rapids, North Carolina 27870

Chris D. Agosto Carreiro
Special Deputy Attorney General
North Carolina Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602

*Counsel for Defendant Faris C. Dixon, Jr.*

Jeremy D. Linsley
North Carolina Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602

*Counsel for Defendant Karen Kelly, MD*

/s/ Daniel D. McClurg