IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

EASTERN DIVISION

Civil Action Number 4:24-CV-00051-M-RN

RECEIVED SEP 12 2024 PETER A. MOORE, JR., CLERK US DISTRICT COURT, EDNC

| | |
|---|---|
| Cynthia B. Avens )<br>)<br>(Plaintiff) )<br>)<br>)<br>Faris C. Dixon, Jr., District Attorney )<br>Pitt County Memorial Hospital, Inc. )<br>Dr. Karen Kelly, Medical Examiner )<br>John/Jane Doe )<br>John/Jane Doe )<br>John/Jane Doe )<br>(Defendants) ) | RESPONSE TO DEFENDANT'S DE 66 OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXTRA RESPONSE DE 60 DUE TO MISREPRESENTATION |

Plaintiff, Cynthia B. Avens ("Avens" or "Plaintiff"), proceeding pro se, respectfully submits this Response to ECU Health Medical Center's ("ECU Health" or "Defendant") DE 66 Opposition to Plaintiff's Motion to Strike Defendant's Extra Response DE 60 Due to Misrepresentation.

## LEGAL BASIS FOR MOTION

Plaintiff's Motion to Strike is properly grounded in Rule 7(b) of the Federal Rules of Civil Procedure (FRCP), which allows a party to request a court order for specific relief. Rule 7(b)(1) states that "[a] request for a court order must be made by motion." Such a motion must be in writing, state with particularity the grounds for seeking the order, and set forth the relief sought. Plaintiff's motion meets these requirements by clearly

identifying the improper nature of Defendant's additional response and specifying the relief sought, namely, the striking of that response from the record.

## DEFENDANT'S ARGUMENT REGARDING TIMELINESS

Defendant, ECU Health, represented by K&L Gates ("Gates"), argues that their response was timely and that Plaintiff's Motion lacks a proper basis for striking it. While Avens acknowledges an error in calculating the deadline, it is critical to emphasize that Gates's response also contained misrepresentations regarding the substance of her filing. Specifically, Gates alleged that Avens introduced new claims or arguments not found in the Amended Complaint. Although the Motion to Strike initially highlighted a timing issue, the primary basis for filing the Motion remains Gates's deliberate attempt to mislead the Court.

## DELIBERATE MISREPRESENTATIONS

**Misrepresentation in Gates's Additional Filing**: Gates's assertion that Avens introduced new allegations in her response is unfounded. They referenced a significant portion of Avens's response, claiming it introduced new claims. However, these sections did not introduce new allegations; instead, they clarified existing points or provided necessary context. The fact that Gates has not specifically identified any truly new allegations underscores the weakness of their argument.

**Omission of a Key Issue in Gates's Opposition**: It is telling that Gates chose not to address the most critical aspect of Avens's Motion to Strike—their misrepresentation to

2

the court. Gates's failure to respond to this point in their opposition, addressing only the timeline, speaks volumes and suggests that they are aware of the baseless nature of their claims. This omission further strengthens Avens's argument that the additional response filed by Gates should be stricken from the record.

## CLARIFICATION AND REQUEST FOR RELIEF

Given that Avens's Motion to Strike is fully compliant with the requirements of Rule 7(b), and considering that Gates's additional response was both unnecessary and contained misleading statements with the apparent intent to circumvent proper civil procedures, Avens respectfully requests that the Court grant the Motion to Strike Defendant's additional response from the record. Gates's actions appear to be a deliberate attempt to bypass the rules and further litigate and re-litigate arguments they have already had the opportunity to address. Such conduct undermines the integrity of the judicial process and should not be permitted. Additionally, Avens requests that the Court consider any appropriate remedies under Rule 83.7d of the Local Rules of Civil Procedure, which governs Standards for Professional Conduct and Grounds for Discipline.

Respectfully submitted,

September 8, 2024

/s/ Cynthia B. Avens
Cynthia B. Avens
303 Riverside Trail
Roanoke Rapids, NC 27870
Avens1@charter.net
252-203-7107
*Pro Se Litigant*

CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2024, I shipped by UPS, this Response to ECU Health Medical Center's ("ECU Health" or "Defendant") DE 66 Opposition to Plaintiff's Motion to Strike Defendant's Extra Response DE 60 Due to Misrepresentation.

Respectfully submitted,

September 9, 2024

/s/ Cynthia B. Avens

Cynthia B. Avens
303 Riverside Trail
Roanoke Rapids, NC 27870
Avens1@charter.net
252-203-7107
*Pro Se Litigant*

Chris D. Agosto Carreiro
Special Deputy Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
ccarreiro@ncdoj.gov
Telephone: (919) 716-6874
Facsimile: (919) 716-6755
State Bar No. 45356
*Counsel for DA Faris Dixon*

Jeremy D. Lindsley
Assistant Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
jlindsley@ncdoj.gov
Tel: 919-716-6920
Fax: 919-716-6764
NC State Bar No. 26235
*Counsel for Dr. Karen Kelly*

Daniel D. McClurg
K&L Gates LLP
300 South Tryon Street, Suite 1000
Charlotte, North Carolina 28202
daniel.mcclurg@klgates.com
(704) 331-7400
(704) 353-3114
NC Bar #53768
*Counsel for Pitt County Memorial Hospital, Inc.*

Terrence M. McKelvey
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
terrence.mckelvey@klgates.com
(615) 780-6700
(615) 780-6799
NC Bar #47940
*Counsel for Pitt County Memorial Hospital, Inc.*