IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:24-CV-00051-M-RN

**Cynthia B. Avens**,

Plaintiff,

v.

**Order**

**Faris C. Dixon, Jr.,** et al.,

Defendants.

Plaintiff Cynthia B. Avens asks the court to strike the reply Defendant Pitt County Memorial Hospital, Inc. d/b/a ECU Health Medical Center ("ECU Health") filed in support of its motion to dismiss. Avens claims that its reply is untimely and misrepresents the contents of her amended complaint. ECU Health opposes this request.

ECU Health moved the court to dismiss Avens's amended complaint in June 2024. D.E. 49. The Clerk of Court received her response on August 5, 2024. D.E. 57. Then, on August 20, 2024, ECU Health filed its reply. D.E. 68.

Avens seeks to strike ECU Health's reply, claiming that it is untimely. Under the court's Local Civil Rules, reply briefs must be filed no later than "14 days after service of the response, unless otherwise ordered by the court." Local Civil Rule 7.1(g). Avens argues that since she filed her response on August 5, 2024, ECU Health missed the deadline to file its reply by one day.

But the deadline for filing a reply in the Local Rules is triggered by service of a response, not its filing. And when an unrepresented party files a document with the Clerk of Court, "the electronic filing of the document by the clerk constitutes service on registered users" of the court's electronic filing system. Local Civil Rule 5.1(f)(2). As a result, "the deadline to respond to the

document shall be calculated from the date of [the notice of electronic filing], regardless of whether other means of service are used." *Id*.

Despite Avens filing her response with the Clerk's Office on August 5, 2024, it was not electronically filed until the next day, August 6, 2024. That filing caused a notice of electronic filing to be sent to ECU Health's attorneys and began the 14-day period for ECU Health to file its reply. Thus, by filing its reply on August 20, 2024, ECU Health complied with the court's Local Civil Rules. So there is no reason to strike its reply as untimely.

Avens also argues that the court should strike ECU Health's reply because it wrongly alleges that she included factual allegations in her response that were not present in her amended complaint. But disagreement with an opposing party's argument does not provide a basis to strike a brief. All parties can rest assured that the court will conduct a comprehensive review of the amended complaint's allegations and the parties' arguments before ruling on the pending motions.

Given the lack of a basis to strike ECU Health's reply brief, Avens's motion (D.E. 61) is denied.

Dated:  September 25, 2024

Robert T. Numbers, II
United States Magistrate Judge

2