IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

EASTERN DIVISION

Civil Action Number 4:24-CV-00051-M-RN

RECEIVED
OCT 30 2024
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC

| | |
|---|---|
| Cynthia B. Avens | ) |
| | ) |
| (Plaintiff) | ) PLAINTIFF'S OPPOSITION TO |
| | ) OPPOSITION ECU HEALTH'S |
| | ) MOTION FOR EXTENSION OF |
| Faris C. Dixon, Jr., District Attorney | ) TIME TO FILE COURT- |
| Pitt County Memorial Hospital, Inc. | ) ORERED MEMORANDUM |
| Dr. Karen Kelly, Medical Examiner | ) |
| John/Jane Doe | ) |
| John/Jane Doe | ) |
| John/Jane Doe | ) |
| (Defendants) | ) |

## PLAINTIFF'S OPPOSITION TO ECU HEALTH'S MOTION FOR EXTENSION OF TIME TO FILE COURT-ORDERED MEMORANDUM

Plaintiff, Cynthia Avens, proceeding pro se, respectfully submits this opposition to defendant's, ECU Health's, Motion for Extension of Time to File Court-Ordered Supplemental Memorandum to Motion to Seal and states the following in support thereof:

1. **Abandonment of the 2016 Settlement Agreement as a Defense:**

   Although ECU Health has now abandoned use of the 2016 Settlement Agreement and Release ("Agreement") as a defense, they previously argued in their Motion to Dismiss Plaintiff's Complaint (DE 22) and Amended Complaint (DE 50) that the Agreement barred Plaintiff's civil rights claims. This constitutes a deliberate misrepresentation to the Court, made in an attempt to mischaracterize Plaintiff's complaints as healthcare liability claims. To counteract this, Plaintiff submitted an unexecuted copy[1] of the Agreement to demonstrate that ECU Health's reliance on it was inappropriate and misleading.

   ECU Health's decision to later distance itself from this argument is inconsequential to the fact that it was initially presented as a defense. If the Agreement was never meant to bolster their arguments for dismissal, then the only reasonable conclusion is that its introduction served to create unnecessary confusion. This misuse of the Agreement not only exemplifies a pattern of obstructive tactics that ECU Health has employed in this case, but it potentially constitutes wire fraud.

2. **Misrepresentation of Requests to Seal the Agreement:**

   ECU Health continues to claim that they repeatedly asked Plaintiff to seal the unexecuted copy of the Agreement, which is simply not accurate. As explained in DE 65 and at the Motions Hearing on October 8, 2024, ECU Health initially

---

[1] Avens was unable to locate her copy of the executed agreement and submitted an unexecuted copy to demonstrate to the court that it was improperly used by the defendant.

requested that Plaintiff strike the Agreement in a letter sent via email. In subsequent emails, ECU Health asked only that Plaintiff remove the Agreement from the public record. They never requested that Plaintiff seal the document, nor did they ask her to agree to their intention to seal it. Their false claims regarding requests to seal the Agreement are reiterated in their most recent motion, DE 76.

3. **Failure to Provide Executed Agreement Promptly:**

   After it was revealed that ECU Health failed to provide a copy of the executed Agreement either before or during the Motions Hearing, it became evident that a copy was necessary for the Court to rule on their DE 63 motion to seal. Despite having two weeks following the hearing to comply, ECU Health did not submit the executed Agreement. As a result, the Court issued an Order requiring ECU Health to submit the executed Agreement by October 28, 2024, along with a supplemental memorandum due by October 30, 2024.

4. **Plaintiff's Refusal to Consent to Further Extensions:**

   On Saturday, October 26, 2024, Attorney McKelvey contacted Plaintiff by email requesting consent for an extension of time to submit the Court-ordered memorandum. Plaintiff refused consent for the following reasons:

   a. Defendant has requested multiple extensions to which Plaintiff has previously consented.

b. Defendants filed a joint motion to continue the Rule 26(f) conference and to stay discovery. Although Plaintiff opposed this motion, it was granted, further delaying case progression.

c. Plaintiff has not requested any extensions in this case. Despite no formal training and limited resources—no assistants, partners, paralegals, access to a law library, paid subscriptions to legal research platforms, or access to the ECF—Plaintiff has consistently met all deadlines even when responding to multiple motions to dismiss. Due to the need for mail, shipping, or hand delivery, Plaintiff's available time for response is reduced by two or more days. Nevertheless, Plaintiff's documents have consistently arrived at the U.S. District Court a day before each deadline, ensuring prompt docketing. Meeting these deadlines has required Plaintiff to sacrifice sleep, adequate meals, self-care, household responsibilities, and other personal obligations. Meanwhile, ECU Health benefits from two attorneys from K&L Gates, with access to all necessary resources, including ECF access, allowing them to finalize and upload documents on the due date itself.

**5. ECU Health's Lack of "Good Cause" and Creation of Delays:**

Though ECU Health claims they have "good cause" for yet another delay, the fact is that they themselves created this situation by misusing an agreement they knew to be irrelevant to the current case. ECU Health attempted to force Plaintiff to strike the unexecuted Agreement, potentially removing it before the Court had

a chance to review its contents. When that failed, they filed a motion to seal the Agreement, thus having the effect of preventing the public from scrutinizing their initial use of the document. Further, ECU Health failed to provide a copy of the executed Agreement when they filed their motion to seal, at any point before or during the motions hearing, or in the two weeks following the hearing. This disregard for procedure ultimately prompted the Court to issue an order requiring them to submit the Agreement. ECU Health's actions regarding the Agreement have already caused significant and unnecessary delays in this case. Now, they seek to benefit from their conduct by requesting additional delays that serve only their interests.

6. **Requesting Consent for Extension:**

   By the time McKelvey sent Plaintiff an email on Saturday, October 26, 2024, requesting consent for an extension to submit the ordered memorandum, three days of the seven-day period had already passed. This represents nearly half of the time provided, suggesting he could have already made significant progress on the memorandum. Since McKelvey was actively working over the weekend, he also had the remainder of the weekend to continue, even if Attorney McClurg was unavailable to assist.

7. **Extension Request as a Loophole for Delay:**

   Given that the Court ordered the memorandum to be submitted within seven days, ECU Health, through counsel, has effectively gained additional time simply

by filing a motion for an extension. As experienced attorneys, they are well aware of how the process operates and have used it here to their advantage, just as ECU Health has exploited every possible loophole over the past ten years to evade accountability. By the time the Court rules on this motion, it will likely be after the October 30, 2024, deadline, indirectly providing ECU Health with at least a partial extension through procedural delay, with no recourse available to Plaintiff.

8. **Lack of Good Cause for Extension:**

ECU Health has not demonstrated good cause for this extension. Throughout the relevant period, at least one of the two attorneys had the resources needed to comply with the Court's deadline. Furthermore, it is ironic that ECU Health, through counsel, demanded Plaintiff strike the unexecuted Agreement from the record within a narrow window of just three business days, while now claiming that a seven-day period to submit a court-ordered memorandum is insufficient for two attorneys working together. This inconsistency further undermines their claim of "good cause" for delay. It also reflects a double standard in both accountability and transparency, as ECU Health now seeks to seal the very document they previously used publicly to portray Plaintiff in a negative light.

Additionally, the timeline presented in ECU Health's extension request lacks clarity. Counsel stated that Attorney McClurg was getting married on October 26 and leaving for his honeymoon on October 31. However, McClurg's email auto-

reply Avens received after responding to their request for consent to an extension indicated he would be out of the office only through October 25, suggesting he would be available to work the 28th through the 30th. McClurg's auto-reply caused the Plaintiff to scrutinize their intentions, and the fact that McClurg's return date from his honeymoon is absent from their motion for an extension, further confuses McClurg's availability to complete the memorandum in a prompter fashion, especially considering that McKelvey had ample time to work on it beforehand.

Furthermore, McKelvey stated that his November 4 trial will be exactly five days long, an unusual level of certainty, which raises questions about the need for an extension beyond the original October 30 deadline. If McKelvey was preparing for this trial in advance, he would have had ample time to contribute to the memorandum prior to the October 30 due date, with or without McClurg's availability. The lack of clarity surrounding McClurg's actual availability and the certainty about McKelvey's trial length underscore a pattern of exaggeration aimed at securing unnecessary delays.

9. **No Good Cause for Their Failure:**

Furthermore, ECU Health chose to submit the executed Agreement only at the last possible moment (seemingly after 3:00 p.m. on the final required date of October 28, 2024). With no filings submitted until the Court compelled

compliance, it must be assumed there was, in fact, no good reason for this conduct.

## 10. Response to ECU Health's Assertion of No Prejudice:

ECU Health claims that the additional time sought is not intended to cause delay, that no parties will be prejudiced by the extension, and that it will serve the interests of judicial economy. However, given ECU Health's consistent pattern of requesting delays, this assertion lacks credibility. Granting yet another extension prolongs the case timeline and further disrupts Plaintiff's ability to progress efficiently.

Contrary to ECU Health's statement, each extension compounds the cumulative delay in this case, creating additional burdens for Plaintiff, who has complied with every deadline without any request for extensions and under significantly more limited resources. Thus, while this individual extension might appear minor, it reflects a repeated tactic that prejudices the case and undermines judicial economy rather than serving it.

For the reasons stated above, Plaintiff respectfully requests that the Court deny ECU Health's Motion for Extension of Time to File the Court-Ordered Supplemental Memorandum. ECU Health has repeatedly caused unnecessary delays, failed to demonstrate good cause for this extension, and used procedural maneuvers that cumulatively prejudice the case. Granting this extension would not serve judicial

economy but would instead reward a pattern of obstruction and undue delay that only benefits ECU Health.

Respectfully submitted October 29, 2024,

/s/ *Cynthia B. Avens*
Cynthia B. Avens, Pro Se Litigant
303 Riverside Trail
Roanoke Rapids, NC 27870
avens1@charter.net
252-203-7107

CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2024, I shipped by UPS, the Plaintiff's Opposition To ECU Health's Motion for Extension of Time to File Court-Ordered Memorandum to the Clerk of the U.S. District Court. Upon docketing, the CM/ECF system will send electronic notification of such filing to the defendants' counsel:

Respectfully submitted,
/s/ Cynthia B. Avens
Cynthia B. Avens
303 Riverside Trail
Roanoke Rapids, NC 27870
Avens1@charter.net
252-203-7107

Chris D. Agosto Carreiro
Special Deputy Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
ccarreiro@ncdoj.gov
Telephone: (919) 716-6874
Facsimile: (919) 716-6755
State Bar No. 45356
*Counsel for DA Dixon*

Jeremy D. Lindsley
Assistant Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
jlindsley@ncdoj.gov
Tel: 919-716-6920
Fax: 919-716-6764
NC State Bar No. 26235
*Counsel for Dr. Karen Kelly*

Daniel D. McClurg
K&L Gates LLP
300 South Tryon Street, Suite 1000
Charlotte, North Carolina 28202
daniel.mcclurg@klgates.com
(704) 331-7400
(704) 353-3114
NC Bar #53768
*Counsel for Defendant Pitt County Memorial Hospital, Inc.*

Terrence M. McKelvey
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
terrence.mckelvey@klgates.com
(615) 780-6700
(615) 780-6799
NC Bar #47940
*Counsel for Defendant Pitt County Memorial Hospital, Inc.*