
FILED

NOV 19 2024

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

EASTERN DIVISION - Civil Action Number 4:24-CV-00051-M-RN

| | |
|---|---|
| Cynthia B. Avens<br>(Plaintiff)<br><br>Faris C. Dixon, Jr., District Attorney<br>Pitt County Memorial Hospital, Inc.<br>Dr. Karen Kelly, Medical Examiner<br>John/Jane Doe, John/Jane Doe<br>(Defendants) | PLAINTIFF'S RESPONSE TO<br>PITT COUNTY MEMORIAL'S<br>MEMORANDUM IN SUPPORT<br>OF TEIR MOTION TO SEAL<br>DE 57-1 |

Plaintiff, Cynthia B. Avens ("Avens"), proceeding pro se, respectfully submits this response to Pitt County Memorial Hospital's ("ECU Health") Memorandum in Support of Their Motion to Seal DE 57-1.

## WHY ECU HEALTH'S DE 63 MOTION TO SEAL DE 57-1 SHOULD BE DENIED

1. **ECU Health's Inconsistent Use of the 2016 Settlement Agreement**: ECU Health has been inconsistent in their use of the 2016 "Final Settlement Agreement" ("Agreement"). In their memorandum supporting their motion to dismiss Avens's original complaint, they stated, "Avens' claims against ECU Health not only are barred by the applicable statutes of limitations, they also are barred because Avens reached a settlement with ECU Health in 2016 where she released all claims against ECU Health as to the medical services White received. While the Settlement Agreement and Release between Avens and ECU Health is outside the pleadings, it undisputedly invalidates any claim Avens purports to assert against ECU Health." (DE 23 Footnote 5).

1

In ECU Health's supplemental memorandum supporting their motion to seal, DE 81 Footnote 2, they stated, "On the contrary, in its Motion to Dismiss the **original** Complaint, ECU Health specifically noted that it was not at this time moving to dismiss Avens' original Complaint on such grounds. (Docket Entry 23 n.5)" These words were not included in their original motion and memorandum to dismiss Avens's original complaint. In ECU Health's memorandum supporting their motion to dismiss Avens's amended complaint, however, (DE 50 Footnote 10), they stated, "All of Avens' claims against ECU Health not only are barred by the applicable statutes of limitations, they also are barred by the terms of the 2016 Settlement Agreement and Release. In light of the numerous bases for dismissal addressed herein, at this juncture, the Court need not reach that issue to dismiss all of Avens' claims against ECU Health."

During the October 8, 2024, Motions Hearing, Counsel for ECU Health asserted that they are not using the Agreement as a defense. However, in their response to Avens's motion to determine the validity of the Agreement, in DE 67 pp. 3-4, Counsel asserted, "In the unlikely event that any of Avens' claims survive the pending Motion to Dismiss, ECU Health certainly intends to rely upon the Settlement Agreement as an affirmative defense."

The above statement reveals ECU Health's intent to use the Agreement as a defense in future proceedings, which places the Agreement squarely within the scope of adjudication despite their claims that the public lacks a common law and First Amendment right to the information. This shows ECU Health's unstable stance on where they stand with their use of the Agreement as they try to have it both ways. They argue that if the document in the public record does not serve an adjudication purpose, then the public does not have a right to access the document. Yet, further up the road, after their current motion to seal the document has

2

been decided, as they hope will be in their favor, then they plan to use the Agreement as an affirmative defense should their motion to dismiss Avens's amended complaint be denied.

2.  **Defendants' Selective Quoting of Plaintiff's Statements Demonstrates Bad Faith:** In their memorandum, ECU Health claims that Avens, "conceded in her Response that ECU Health had not based its Motion on any provision of the Agreement, but instead on the basis of the statute of limitations or other affirmative defenses . . . ." (Docket Entry 57 p. 27). This assertion is not true and represents a clear attempt to mislead the Court by taking a segment of Avens's statement out of context to support a baseless argument.

Avens's actual statement reads:

> "The suggestion that the Plaintiff's amended complaint should be dismissed on the basis of the statute of limitations or other affirmative defenses, while concurrently asserting that it is unnecessary for the Court to consider the 2016 Settlement Agreement and Release, reveals the weakness of this defense. If the Settlement Agreement were decisively relevant to dismiss the current action, Counsel for the Defendant would have attached a copy of the agreement both when filing the motion to dismiss the Plaintiff's original pleading and with the current motion to dismiss the amended pleading. The absence of such documentation undermines the Defendant's reliance on this argument and suggests an attempt to mislead the Court by not fully engaging with the implications of the Settlement Agreement."

By selectively quoting Avens and omitting the full context, ECU Health is attempting to create the false impression that Avens admitted the Settlement Agreement was irrelevant to their motion. In reality, Avens was pointing out the inconsistency in ECU Health's position—asserting that the Agreement bars her claims while simultaneously claiming that the Court need not consider it. This tactic by ECU Health is not only misleading but is indicative of their ongoing strategy to distort the record to their advantage.

3.  **ECU Health's Misleading Requests and Refusal to Pursue Redaction as a Reasonable Alternative:** Counsel claims that they repeatedly asked Avens to "seal" the draft copy of the Agreement. However, the evidence speaks for itself in the exhibits provided with

3

Avens's motion to determine the validity of the Agreement and in Counsel's own motion to seal the Agreement. In their correspondence, the word "seal" was never used; instead, they specifically used the terms "strike" and "remove." This distinction is significant, as it demonstrates that ECU Health's priority was not truly confidentiality, but rather the complete removal of the document from the public record.

Moreover, if the confidentiality of the settlement amount mentioned in the Agreement was indeed ECU Health's primary concern, then redaction would suffice as a reasonable remedy. Sealing the entire document is not necessary, particularly since the only information intended to remain confidential—assuming the Agreement is valid—was the settlement amount and ECU Health's identity. However, the latter is moot, as ECU Health is already a named defendant, and their identity cannot be hidden from the court or the public.

Therefore, the only piece of information that might still be subject to protection (if protection is even warranted at this point) would be the settlement amount. Yet, ECU Health has not requested or moved for redaction of that specific amount. Instead, they seek to seal the entire document, which appears to be an overreach rather than a targeted effort to protect specific confidential information.

In their supplemental memorandum, ECU Health argues that redaction is not a viable remedy due to what they describe as "lengthy descriptions of the terms and discussions of the claims and defenses at issue." However, this argument is flawed, as the confidentiality clause in the Agreement does not cover the descriptions of terms or discussions of claims. The only

elements designated as confidential were the settlement amount and ECU Health's identity, the latter of which cannot be shielded due to their status as a party in this litigation.[1]

4. **ECU Health's Delayed Motion to Seal Demonstrates Lack of Genuine Confidentiality Concerns:** Avens submitted the drafted copy of the Agreement into the public record on August 5, 2024, and it was docketed the next day on August 6. If preserving confidentiality was ECU Health's main focus, they would have immediately moved to have the document sealed, stricken, redacted and/or otherwise removed or hidden from the public. They did not do either through the Court. Instead, they chose to apply pressure to Avens (outside of court) to force her to strike and/or remove the document for the next two weeks as the Agreement remained on the public record. After Avens filed a motion for the Court to determine the document's validity and applicability to the case on August 22, 2024, ECU Health then filed their motion to seal the Agreement on August 28, 2024. Meanwhile, the draft Agreement remained accessible to the public for at least three weeks, diminishing any real or perceived need to seal the document.

Similar to how the draft Agreement was publicly available for at least 22 days, Courts have found that when a document has been publicly accessible, the justification for sealing diminishes significantly. See, e.g., *Jones v. Blair Wellness Ctr., LLC*, 2023 WL 4352451, at *17 (D. Md. June 30, 2023); *Lamb v. Madly*, 2020 WL 2512413, at *2 (D. Md. May 15, 2020).

In *Hughes v. Cartiva, Inc.*, the Court noted, "While the Agreement contains a provision indicating that it is to be held confidential by the parties and counsel, the Court is not bound by such stipulation and counsel for the Plaintiff filed and "exposed" the document to the public for

---

[1] The third confidentiality clause is based on information that Avens had already made public prior to the Agreement's execution, thus does not apply in the current context.

nearly one week. For these reasons, the Court finds that the identified competing interests do not outweigh the public's right of access, and the motion to seal the Tolling Agreement should be denied." *Hughes v. Curtiva, Inc.*, Civil Action 2:23-cv-00748 (S.D. W.Va. Feb 21, 2024).

5. **ECU Health's Attempts to Rewrite the Agreement and Selective Enforcement of Confidentiality Terms:** ECU Health is seeking to violate the terms of the Agreement that they and Avens signed in 2016. While ECU Health attempts to hold Avens accountable for violating the terms of the Agreement's confidentiality, ECU Health, themselves, are seeking a remedy that was not introduced into the Agreement and therefore was not a condition of the agreement when it was signed. The remedy that they and Avens agreed to was that if Avens breached confidentiality, ECU Health could force Avens to pay $50,000 in liquidated damages as a remedy for such a breach. Any other remedy, therefore, violates the terms of the Agreement. Granting their motion to seal the Agreement, thus, would allow ECU Health to violate the terms of the Agreement without accountability while they continue to hold Avens accountable. This is another crystal-clear example of how ECU Health seeks to have it both ways. In other words, they want to use the Agreement until using it no longer works in their favor. By attempting to force Avens to strike the draft Agreement, ECU Health sought to eliminate their burden to address the motion or to argue against it, and the court would likely agree to strike it at Avens's request, thus eliminating Avens's ability to use it to defend her claims, eliminate the Court's ability to scrutinize the document, and eliminate the public's access to the document that was used to mislead the Court in the first place.

ECU Health, in their motion to dismiss Avens's amended complaint, accused Avens of seeking to disavow the parts of the Settlement Agreement and Release that she views as unfavorable, rather than the entire agreement. Yet, ECU Health is doing the same thing as they

6

disfavor the provided remedy for any breach (perceived or actual) of confidentiality which is hypocritical.

6. **ECU Health's Motion to Seal Ignores the Potential Invalidity of the Agreement and Their Own Inconsistent Actions:** Avens filed a motion requesting the Court to determine the Agreement's validity and applicability to the case at hand. While the motion may not be granted due to procedural technicalities, Avens respectfully requests the court to rule on the Agreement's validity. This step is crucial because ECU Health has shifted its stance on how and when to invoke the Agreement, including their plans to use it in the future as an affirmative defense if their motion to dismiss fails. Without a clear ruling on its validity, this back-and-forth will continue as ECU Health seeks to selectively use the Agreement to their advantage while shielding it from challenges. Granting the motion to seal without first addressing validity would allow ECU Health to continue using the Agreement as both a shield and a sword.

7. **ECU Health's Contradictory Threats of Legal Action:** In their supplemental memorandum, it appears that ECU Health is threatening financial harm to Avens if the Agreement is not sealed as they assert, "If the Draft Settlement Agreement remains public, the potential legal harm to Avens, in particular, is significant in light of the enforcement mechanism and the legal consequences of breaching the Agreement's confidentiality provision." However, in the Motions Hearing they deny any interest in pursuing legal action against Avens for their perception of a breach of confidentiality. This contradiction indicates that their claims of harm are not genuine but are rather a tactic to pressure the Court into sealing the Agreement.

8. **Public's Right to Access Outweighs ECU Health's Motion to Seal:** The motion to seal the Agreement should be denied in light of the public's right to access the document. While ECU Health argues that no such right exists: (a) ECU Health is a publicly funded entity, receiving

7

federal funds. The public has a right to know how those funds are utilized, especially since ECU Health settled a wrongful death case without involving their liability insurance. (b) ECU Health has argued on the public record that the Agreement bars Avens's civil rights claims. If this assertion is true, the public should have the opportunity to review the document themselves. (c) Since ECU Health's statements regarding the Agreement are in the public record and will remain in the public record, sealing the one piece of information to refute such claims has the potential to show Avens and her claims in a negative light, leading to a negative impression of her and her claims while protecting ECU Health's reputation.

9. **ECU Health's Motion to Seal Attempts to Rewrite the Terms of the Agreement:**
Abiding by the terms of the Agreement is a choice that was provided for within the Agreement's terms – Keep XYZ confidential or be held liable for damages. Avens exercised her choice to disclose the Agreement publicly. Though she believed she was justified in doing so, she was aware of the potential consequences of her actions. According to the terms of the Agreement, the only choice ECU Health has after the fact is to seek liquidated damages in the amount of $50,000. Sealing the document after it has been made public is an attempt to re-silence or re-privatize the document, which is not an option, nor a choice for them to make. Disclosing the Agreement to the public court record should not be treated any differently than had Avens chose to disclose it on social media, her blog, or any other public medium. Had Avens disclosed the Agreement on any other public platform, ECU Health would have no legal recourse in terms of forcing Avens or the platform to remove the document from the public's eye. Their only legal option would be to seek liquidated damages. Because ECU Health would rather not pursue liquidated damages does not give them the right or the ability to try to undo Avens's choice. Furthermore, sealing the document removes Avens's choice of whether to abide by the purported

8

terms of the agreement. ECU Health should not be permitted to have it both ways – stipulate a remedy then ignore the remedy while attempting to retroactively rewrite the terms of the Agreement via a court motion.

10. **Avens's First Amendment Rights Should Be Considered in Deciding the Motion to Seal:** Though Avens understands that the Order given specifies acknowledgement of the public's right to view the Agreement, she humbly asks the Court to consider her First Amendment right when deciding if the motion to seal will or will not be granted. Counsel exercised their right when they made statements about the Agreement in the public record. Therefore, she, too, had a right to speak on the information and provide documentation on the public record in her response. Sealing the Agreement will in effect silence the document used to challenge Counsel for the Defendant's statements. If ECU Health did not want the document scrutinized publicly, they should not have misrepresented its strengths publicly, as doing so only served the purpose of misleading the Court and the public.

CONCLUSION:

For the reasons listed above, Avens humbly requests that ECU Health's motion to seal be denied.

Thank you!

Respectfully submitted,

November 15, 2024
/s/ Cynthia B. Avens
Cynthia B. Avens
303 Riverside Trail
Roanoke Rapids, NC 27870
Avens1@charter.net
252-203-7107
Pro Se Litigant

CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2024, the Plaintiff's Response to Pitt County Memorial Hospital's Memorandum in Support of Their Motion to Seal DE 57-1 was shipped by UPS, tracking # 1Z9H79KT0304250839, to the Clerk of the U.S. District Court in Greenville, NC. Upon docketing, the CM/ECF system will send electronic notification of such filing to the defendants' counsel. Respectfully submitted,

/s/ *Cynthia B. Avens*
Cynthia B. Avens
303 Riverside Trail
Roanoke Rapids, NC 27870
Avens1@charter.net
252-203-7107
*Pro Se Litigant*

Chris D. Agosto Carreiro
Special Deputy Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
ccarreiro@ncdoj.gov
Telephone: (919) 716-6874
Facsimile: (919) 716-6755
State Bar No. 45356
*Counsel for DA Faris Dixon*

Jeremy D. Lindsley
Assistant Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
jlindsley@ncdoj.gov
Tel: 919-716-6920
Fax: 919-716-6764
NC State Bar No. 26235
*Counsel for Dr. Karen Kelly*

Daniel D. McClurg
K&L Gates LLP
300 South Tryon Street, Suite 1000
Charlotte, North Carolina 28202
daniel.mcclurg@klgates.com
(704) 331-7400
(704) 353-3114
NC Bar #53768
*Counsel for Pitt County Memorial Hospital, Inc.*

Terrence M. McKelvey
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
terrence.mckelvey@klgates.com
(615) 780-6700
(615) 780-6799
NC Bar #47940
*Counsel for Pitt County Memorial Hospital, Inc.*