FILED

JAN 03 2025

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK


IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

EASTERN DIVISION - Civil Action Number 4:24-CV-00051-M-RN

| | |
|---|---|
| Cynthia B. Avens<br>   (Plaintiff)<br><br>Faris C. Dixon, Jr., District Attorney<br>Pitt County Memorial Hospital, Inc.<br>Dr. Karen Kelly, Medical Examiner<br>John/Jane Doe, John/Jane Doe<br>   (Defendants) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    PLAINTIFF'S NOTIFICATION<br>TO THE COURT REGARDING<br>PUBLICATION OF<br>SETTLEMENT AGREEMENT<br>AND RELEASE DRAFT |

## NOTICE REGARDING PUBLIC DISCLOSURE

**INTRODUCTION:**

Plaintiff, Cynthia B. Avens ("Avens"), proceeding pro se, respectfully submits this Notification Regarding Public Disclosure of the 2016 Settlement Agreement and Release to the US District Court. The purpose of this notification is to clarify Avens's reasoning behind this action and to maintain transparency in the current ongoing civil rights litigation.

**TIMELINE:**

- **March 22, 2024**: Avens filed her civil rights action against the above-named defendants (DE 1).

- **May 29, 2024**: ECU Health filed a motion to dismiss Avens's complaint, claiming that the 2016 Settlement Agreement barred her current civil rights claims (DE 22, 23).
- **June 18, 2024**: Avens filed her amended complaint in which she addressed what she believes to be the fraudulent nature the agreement was signed (DE 33).
- **July 16, 2024**: ECU Heath filed their motion to dismiss Avens's amended complaint. Again, they alleged that the Agreement barred Avens's current action (DE 49, 50).
- **August 5, 2024 (docketed on August 6, 2024)**: Avens filed her response to ECU Health's motion to dismiss, including a draft copy of the Agreement (DE 57, DE 57-1) to argue that ECU Health misrepresented its scope and strength.
- **August 9, 2024**: Counsel for ECU Health sent Avens a letter via email instructing her to strike the Agreement from the public record.
- **August 22, 2024**: Avens filed a motion requesting the Court to determine validity of the Agreement and its applicability to her current case (DE 62).
- **August 28, 2024**: ECU Health filed a motion requesting that the draft Agreement be sealed.
- **October 23, 2024**: The Court ordered ECU Health to file a memorandum addressing the public's right to access the Agreement.
- **November 12, 2024**: ECU Health submitted its memorandum supporting its claim that the public does not have a right to access the Agreement.
- **November 19, 2024**: Avens filed her response, outlining her reasons why the motion to seal should be denied.

- **January 2, 2025**: Avens uploaded the Agreement to her cloud storage and included the link in a public blog post on her Fight Until You Win website (fightuntilyouwin.com).

**REASON FOR PUBLIC DISCLOSURE:**

The blog post was made to protect Avens's First Amendment right to freedom of speech. She asserts that ECU Health fully exercised this right when they publicly claimed, in their court filings, that the 2016 Settlement Agreement barred her current civil rights claims. These claims were made despite deceptive representations about the Agreement's scope and applicability. While ECU Health now asserts that confidentiality remains intact, they also argue that Avens's submission of the Agreement into the public record violated its terms.

Avens strongly disagrees, believing that confidentiality was waived when ECU Health introduced the Agreement's scope and strength into the public record. As long as their statements remain publicly accessible, Avens faces the ongoing risk of her reputation and motives being unfairly tarnished. Conversely, if the motion to seal is granted, ECU Health's reputation and motives could remain shielded from scrutiny, further obscuring the true nature of the Agreement. This dynamic underscores the necessity of public disclosure to maintain transparency and balance in this litigation.

**TRANSPARENCY:**

Due to the ongoing civil rights action and the pending motion to seal the Agreement, Avens seeks to remain transparent with the Court regarding her actions. The public disclosure of the Agreement ensures Avens can protect and maintain her right to release information on a public platform, just as ECU Health has done through the court's public platform. Anything less would perpetuate the same civil rights violations Avens has endured over the past decade, during which ECU Health has consistently utilized government entities to shield its conduct.

**RESPECTFUL ACKNOWLEDGMENT:**

Avens wishes to express her utmost respect for the Court and the judicial process. She acknowledges that the decision regarding the motion to seal the Agreement ultimately rests with the Court. However, she feels compelled to highlight that, despite believing the terms of the 2016 Agreement to be invalid, she has consistently acted in good faith by respecting its purported confidentiality over the years.

At no point during this time did Avens attempt to disclose the Agreement publicly, even when she believed its terms to be flawed. It was only after ECU Health's conduct in the current case—specifically their misrepresentation of the Agreement's scope and strength—that she felt compelled to make it public. This decision was driven by ECU Health's repeated patterns of misconduct, which have consistently been concealed and shielded from public scrutiny at Avens's expense.

If the Court feels that Avens's actions were inappropriate or premature, she **sincerely** and humbly apologizes for any perceived overreach.

**ATTACHMENT:**

Attached is a copy of the Fight Until You Win blog post titled "*Fighting for My Rights While Fighting for My Rights*." This post serves to clarify the reasoning behind Avens's public disclosure of the 2016 Settlement Agreement and Release, as outlined in this notice. It is provided for the Court's reference and to maintain transparency in the ongoing litigation.

Respectfully submitted,

January 2, 2025

/s/ Cynthia B. Avens
Cynthia B. Avens
303 Riverside Trail
Roanoke Rapids, NC 27870
Avens1@charter.net
252-203-7107
*Pro Se Litigant*

CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2025, Plaintiff's Notice Regarding Public Disclosure was shipped by UPS, tracking # 1Z9H79KT0319369247, to the Clerk of the U.S. District Court in Greenville, NC, scheduled delivery for January 3, 2025. Upon docketing, the CM/ECF system will send electronic notification of such filing to the defendants' counsel. Respectfully submitted,

/s/ Cynthia B. Avens
Cynthia B. Avens
303 Riverside Trail
Roanoke Rapids, NC 27870
Avens1@charter.net
252-203-7107
*Pro Se Litigant*

Chris D. Agosto Carreiro
Special Deputy Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
ccarreiro@ncdoj.gov
Telephone: (919) 716-6874
Facsimile: (919) 716-6755
State Bar No. 45356
*Counsel for DA Faris Dixon*

Jeremy D. Lindsley
Assistant Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
jlindsley@ncdoj.gov
Tel: 919-716-6920
Fax: 919-716-6764
NC State Bar No. 26235
*Counsel for Dr. Karen Kelly*

Daniel D. McClurg
K&L Gates LLP
300 South Tryon Street, Suite 1000
Charlotte, North Carolina 28202
daniel.mcclurg@klgates.com
(704) 331-7400
(704) 353-3114
NC Bar #53768
*Counsel for Pitt County Memorial Hospital, Inc.*

Terrence M. McKelvey
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
terrence.mckelvey@klgates.com
(615) 780-6700
(615) 780-6799
NC Bar #47940
*Counsel for Pitt County Memorial Hospital, Inc.*

# Fighting for My Rights While Fighting for My Rights



**LEGAL BATTLE**

Hi, guys. I am still in the midst of my legal battle against ECU Health, DA Faris Dixon, and ME Dr. Karen Kelly. As stated before, I have to be careful about what I write here as I try to protect the integrity of my case. However, there is something I need to publish about it.

In ECU Health's motion to dismiss my original complaint and my amended complaint, they claimed that a 2016 wrongful death settlement agreement barred my current civil rights action. They also made note that my amended complaint was silent regarding the consideration received as part of the agreement. I countered their statements by providing an unexecuted (draft) copy of the agreement as evidence that the agreement had been misrepresented to the court. The draft was submitted as an exhibit into the public record because I could not locate my signed copy. (I know. Don't judge. I literally have thousands of pages of information. I probably overlooked it.)

Anyhoo, as a result, ECU Health's attorneys from K&L Gates proceeded to contact me via email. They reminded me of the terms of confidentiality within the agreement and instructed me to have the agreement stricken from the public record or face financial consequences of violating the agreement according to the terms of the agreement. They gave me 3 business days (5 including the weekend) to comply.

## WHAT IS A STRIKE?

At first, I didn't even understand what 'strike' really meant. I knew the gist of it based on courtroom dramas on TV, but I did not truly understand what they were seeking, nor the ramifications thereof. I mean, I'm smart, but I'm not an attorney. I needed some type of guidance, because my initial thought was that redacting the agreement would suffice, but I was wrong. They were actually telling me to remove it entirely from the public record. This required me to file a motion, and I had never done that before. Talk about baffling. I had a lot to figure out and could not comply within a painfully short deadline no matter how hard I might have tried.

What stood out about striking the document was that I would not be able to use the document at all, and potentially, never again. What? Wait... That's not fair. Then I learned that if I struck the document, the court wouldn't be able to use it either and could decide to never review it at all.

But wait—didn't ECU Health's legal team make claims about the strength of the agreement? I had to find out what my alternatives were.

## FAST-FORWARD

I decided not to strike the agreement. Instead, I chose to file a motion asking the court to determine the validity of the agreement in the first place. I knew it had been signed without full disclosure, something I came to understand as possible

fraudulent behavior. I also asked the court to determine the agreement's applicability to my current case. My thinking was: Why should ECU Health be able to hold this document against me when it suits them, especially under the threat of financial penalty? In my opinion, they waived confidentiality by making such public claims about its strength. Did they intend to use it at will while not expecting me to fight back? Or reveal their deception?

To be fair, ECU Health did back away from their use of the agreement and abandoned it altogether. However, one may wonder why they mentioned it in the first place unless their goal was to mislead the court. And if that's the case, why attempt to mislead the court except to try to have my case dismissed based on their false allegations? Come on. Think about it. If the court were to dismiss my civil rights case, based on ECU Health's claims that the 2016 agreement barred my current claims, raise your hand if you believe ECU Health or their attorneys would proceed to abandon use of the agreement after such a ruling.

## MOTION TO SEAL

Moving on... After I filed my motion, ECU Health decided to file a motion asking the court to seal the document. Huh? What? Why? I was baffled again, because they could have filed this weeks earlier instead of sending me threatening emails. As a matter of fact, THEY could have filed the motion asking the court to strike the document if confidentiality was the true driving factor behind the motion to seal. I suppose that might have been a messy course of action. It's much simpler to demand that I strike it while they sit back and agree rather than the other way around, resulting in a higher level of scrutiny. But I digressed.

ECU Health maintained that the agreement was still to remain confidential based on its terms. Does that make sense to you guys? I mean, how confidential can those terms be when they brought the terms of the agreement into question? Right? To

say on the public record that the terms bar the current action indicates that, if necessary, they will provide the document on the public record themselves to support their statements. Follow me? Yet, when I provided the document on the public record myself, it's like, "Oh no, Mrs. Avens. You can't do that. You can't publicly support your argument against us. You violated the confidentiality." Of course they did not explicitly say those words. That's what their actions say to me, though. It sounds like, "We're gonna try to use it against you, but we dare you to use it against us." ... Huh?

This all occurred last summer. It is now January 2025, and I am still waiting for the court to decide on that same motion they filed. I am not really waiting for the court to grant the motion I filed. I expect it to be denied due to procedural incorrectness. See, when I filed my motion, apparently I did not have a procedurally correct basis for doing so. In other words, I could not identify a federal rule allowing for the motion to be filed. Their motion, on the other and, was filed procedurally correct. Don't ask me to explain the difference here. Just know that under the circumstances, the court may not rule favorably on my motion but is expected to grant or deny ECU Health's motion to seal.

## WHY THIS BLOG POST?

Why now? Well, I did not think to do this until yesterday as I pondered the events of the case thus far. See, the agreement has two options... mmm, much like any other agreement. (A) The terms can be adhered to; or (B) the terms can be violated. If the terms are adhered to everything is lovely. If they are not, there is a potential penalty. In my case that penalty sings to the tune of $50,000.

But there is some gray area. What remedy do I have if ECU Health violates the terms of confidentiality first? That's a good question. That was never discussed, so apparently, nothing. Or at least, nothing I can think of—other than the fact that I, too,

should have the same ability after the fact, since confidentiality would no longer be considered binding. This is pretty much my argument at this time. They brought the whole shebang into the public spotlight first. So, why are we wasting time arguing about it now?

The reason I decided to make this blog post today is to protect my ability, my right actually, to argue publicly. The statements about the agreement and its purported strength were made publicly in ECU Health's motions to dismiss. They are now fighting to seal the very document that can prove the agreement was misrepresented to the court. Should the court grant their motion to seal, it is the same as saying that I do not enjoy the same right to express myself publicly as ECU Health enjoyed when they made their claims. This would not be fair. Freedom of speech is a constitutional right given to all citizens of the United States; confidentiality is not. It is in this light that I must protect my freedom of speech. Isn't that ironic? I have to fight to protect my civil rights in the midst of a civil rights case.

### HOW IT HARMS ME – potentially

Here's the thing. With their claims in the public record, anyone who should read the record could automatically conclude that I filed a frivolous civil rights lawsuit and the end. That might be all they need to see to draw a conclusion and believe whatever negative connotation they see fit. You know what that does? It potentially paints me as the "grieving mother" who has no case and who refuses to let go while still seeking to blame someone more than ten years after her daughter's death. It potentially paints me as someone trying to facilitate an illicit money-grab without legal justification. I could be viewed as someone who is just looking for attention or as someone who has no legitimate cause to fight for justice for the death of her daughter. Why? Because ECU Health and their counsel could be successful in making sure that my side of the story, along with supporting evidence, is skewed in their favor via sealed documentation.

For this reason, the draft of the 2016 settlement agreement and release can be seen here. Read it for yourselves. You decide if there is any wording within that prevents any action other than claims extending from Keisha White's wrongful death. I will provide other links to other case information so you can better understand the scope of what this case is about. Additionally, some documents may be free online if you Google the case NC US District Court case number: 4:24-cv-00051-M-RN. Thanks for your time.

**Links:**
1. 2016 Settlement Agreement and Release – Draft Copy
2. Amended Complaint Filed in US District Court
3. ECU Health's Motion to Dismiss Memo
4. Response to ECU Health's Motion to Dismiss Amended Complaint
5. ECU Health's Motion to Seal Memo
6. Response to ECU Health's Motion to Seal
7. ECU Health's Ordered Memo Supporting Motion to Seal
8. Response to ECU Health's Ordered Memo Supporting Motion to Seal