IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:24-CV-00051-M-RN

**Cynthia B. Avens**,

    Plaintiff,

v.

**Faris C. Dixon, Jr.**, et al.,

    Defendants.

**Order**

Before the court is a motion from Defendant Pitt County Memorial Hospital, doing business as ECU Health Medical Center ("ECU Health"), asking the court to keep under seal a Draft Settlement Agreement from another action filed by Plaintiff Cynthia B. Avens. It claims that the document should be sealed because the Final Settlement Agreement contained a confidentiality provision. But since Avens has published the Draft Settlement Agreement on the internet, there is no basis for the court to seal the document. The motion is denied.

**I.    Background**

In 2016, ECU Health entered into a confidential settlement agreement with Avens. That agreement resolved claims related to the death of Avens's daughter, who, at the time of her death, was a patient at ECU Health.

In March 2024, Avens filed this action for claims stemming from her daughter's death. Each of the Defendants moved to dismiss the action. D.E. 43, 45, 47. As part of her opposition to

ECU Health's motion, Avens attached an unredacted draft of the confidential settlement agreement. D.E. 57, 57–1.[1]

ECU Health responded by filing a motion to seal the docket entry containing the Draft Settlement Agreement due to the agreement's confidentiality provision. D.E. 63. The court provisionally sealed that document pending the outcome of the motion. It also required ECU Health to submit the Final Settlement Agreement for in camera review, which it did. D.E. 74, 78.

While this motion was pending, Avens notified the parties and the court that she published the Draft Settlement Agreement on the internet. D.E. 83 at 3, 5.

## II.  Discussion

The public has "a general right to inspect and copy . . . judicial records and documents." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Allowing public access to judicial records advances the public's "interest in ensuring basic fairness and deterring official misconduct not only in the outcome of certain proceedings, but also in the very proceedings themselves." *United States ex rel. Oberg* v. *Nelnet, Inc.*, 105 F.4th 161, 172–73 (5th Cir. 2024).

But the public's "right to inspect and copy judicial records is not absolute." *Nixon*, 435 U.S. at 598. "Every court has supervisory power over its own records and files," and can deny the public access to those records and files when they may be used "for improper purposes." *Id*.

Parties regularly ask courts to shield judicial documents from the public eye. So to ensure that the public's right to access judicial records is not unduly limited, courts in the Fourth Circuit "must comply with certain substantive and procedural requirements" before granting a motion to seal. *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004)). At the outset,

---

[1] The Draft Settlement Agreement she filed is not identical to the Final Settlement Agreement the parties executed. D.E. 64 at 3.

"the district court . . . must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* (internal citation omitted). That source could be either the common law or the First Amendment. *Id.* at 575. Determining the appropriate source of the right of access is important because "the common law 'does not afford as much substantive protection to the interests of the press and the public as does the First Amendment.'" *Id.* (quoting *Rushford* v. *New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

The court must also give the public notice and a reasonable chance to challenge the request to seal. *Id.* And it must "consider less drastic alternatives to sealing[.]" *Id.* Then, if it decides to seal documents, the court must make specific findings and state the reasons for its decision to seal over the alternatives. *Id.*

Although the court's examination of a sealing motion generally begins by determining the source of the public's right of access to the document at issue, here the standard is immaterial. Under either standard, there is no justification for sealing the Draft Settlement Agreement.

ECU Health claims that the court should grant its motion because the Draft Settlement Agreement reflects many of the material terms of the parties' final, and confidential, settlement agreement. And they maintain that the confidentiality of the settlement agreement was a material factor to induce settlement. Avens contends that sealing is not warranted where the Defendants rely on the document as an affirmative defense to her current claims.[2] D.E. 65 at 4.

ECU Health asserts, and the court does not dispute, that there are sound reasons, from both personal and business standpoints, to keep the terms of their settlement private. D.E. 64 at 3.

---

[2] As the court noted, Avens is incorrect in her assertion that ECU Health is relying on the settlement agreement as a defense at this time. *See* Jan. 9, 2025 Opinion at 5-7, D.E. 84.

Yet characterizing a document as confidential does not necessarily mean that it is appropriate to seal it. *Colony Ins.* v. *Peterson*, No. 1:10-CV-581, 2012 WL 1047089, at *2 (M.D.N.C. Mar. 28, 2012) (standard for maintaining information as confidential and the standard for maintaining court filings under seal do not necessarily align); *see Gambale* v. *Deutsche Bank AG*, 377 F.3d 133, 139–42 (2d Cir. 2004) (parties' confidentiality settlement agreements do not bind the court, which must exercise independent judgment and comply with applicable standards before issuing any sealing order).

The Draft Settlement Agreement itself does not appear to contain information that the court must shield or limit access. D.E. 57–1. It includes the sum for which the parties resolved the case. *Id.* at 5. And its terms include a stipulation that the parties will keep the terms and settlement amount confidential. *Id.* at 6–8. The agreement specifies that the information about the litigation and settlement will not be released on any website. *Id.* at 7. If Avens breaches the confidential provision, she will be liable for $50,000 in liquidated damages. *Id.*

As a practical matter, the Defendants would gain little, if anything, from a sealing order at this point. Avens has published the Draft Settlement Agreement on the internet. D.E. 83 at 3. It is thus publicly available, without restriction or redaction, regardless of whether the court seals it on the docket. So there is no basis for doing so. *See Kamakana* v. *City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (no justification for sealing information that is already publicly available); *Hall* v. *United Air Lines, Inc.*, 296 F. Supp. 2d 652, 679 (E.D.N.C. 2003), *aff'd sub nom. Hall* v. *Am. Airlines, Inc.*, 118 F. App'x 680 (4th Cir. 2004) (documents culled from internet could not be considered confidential); *see also Woods* v. *U.S. Drug Enf't Admin.*, 895 F.3d 891 (6th Cir. 2018) (denying sealing where settlement agreement was already part of public record); *ARP Wave, LLC* v. *Salpeter*, No. 18-CV-2046, 2021 WL 1661272, at *3 (D. Minn. Apr. 28, 2021)

(denying motion to maintain seal as where information was publicly available on internet blog); *Treehouse Avatar LLC* v. *Valve Corp.*, No. C17–1860-RAJ, 2019 WL 291664, at *2 (W.D. Wash. Jan. 23, 2019) (denying motion to seal to extent information was available from public sources, including internet). So the court denies the motion to seal. D.E. 63.

But the court's ruling should not be read as an approval of Avens's actions. By publishing the Draft Settlement Agreement, Avens may have breached the Final Settlement Agreement's terms and exposed herself to substantial civil liability. Whether she has done so, however, will only be determined if ECU Health seeks to enforce whatever rights it has under the Final Settlement Agreement with respect to confidentiality.

### III. Conclusion

For these reasons, the court denies the motion to seal (D.E. 63). The Clerk of Court should unseal Docket Entry 57–1.

Dated:  January 23, 2025

_____
Robert T. Numbers, II
United States Magistrate Judge