IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CIVIL ACTION NO: 4:24-cv-00051-M-RN

| | |
|---|---|
| CYNTHIA B. AVENS, | |
| Plaintiff, | **DR. KAREN KELLY'S RESPONSE TO PLAINTIFF'S OBJECTION TO DE 87 MEMORANDUM AND RECOMMENDATION** |
| v. | |
| FARIS C. DIXON, JR., et al. | |
| Defendants. | |

Defendant Karen Kelly, M.D., (Dr. Kelly) submits this Response to Plaintiff's Objection to the Memorandum and Recommendation ("Objection") filed February 13, 2025. DE 89.

## INTRODUCTION

Plaintiff's Amended Complaint alleges that Defendants violated her constitutional rights, obstructed justice, and conspired to obstruct justice following her daughter's death in 2014 while a patient at ECU Health. Plaintiff asserts constitutional claims against Dr. Kelly under 42 U.S.C. § 1983 for violations of Plaintiff's rights under the First Amendment and the Fourteenth Amendment Due Process and Equal Protection clauses. DE 33 pp 71-73. She also claims that Dr. Kelly's alleged actions or inactions constitute negligence *per se* under state law. DE 33 pp 73-74.

1

Dr. Kelly moved for the dismissal of all claims based on Eleventh Amendment immunity and sovereign immunity and because the Amended Complaint failed to state a claim for relief upon which relief can be granted.[1] DE 47.

On January 30, 2025, Magistrate Judge Robert T. Numbers, II, filed a Memorandum and Recommendation (M&R) recommending dismissal of the Amended Complaint in total. DE 87. Specifically regarding Dr. Kelly, the Magistrate Judge found that by operation of the Eleventh Amendment immunity and sovereign immunity, the Court lacked jurisdiction to hear Plaintiff's federal law claims against Dr. Kelly in her official capacity. DE 87 pp 11-13. The Magistrate Judge further found that the Amended Complaint failed to state a claim under 42 U.S.C. § 1983 for violation of Plaintiff's rights under the First or Fourteenth Amendments. DE 87 pp 18-24. The Magistrate Judge recommended that the Court dismiss the state law claims. DE 87 p 27.

On February 13, 2025, Plaintiff filed Plaintiff's Objection to DE 87 Memorandum and Recommendation (the Objection). DE 89. Plaintiff objects to the M&R on the grounds that the Court "(1) mischaracterize[d] Plaintiff's claims, (2) overlook[ed] key factual allegations and evidence, and (3) appl[ied]

---

[1] Dr. Kelly responds to the Plaintiff's Objections only to the extent the Objections relate to the claims asserted against Dr. Kelly in the Amended Complaint (DE 33) and addressed in the M&R (DE 87).

incorrect legal standards…" DE 89 p 1. However, Plaintiff's Objection fails to identify any error of material fact or law and otherwise lacks merit. Therefore, the Court should adopt the Memorandum and Recommendation and dismiss this matter accordingly.

## LEGAL STANDARD

Upon a party's proper objection to a magistrate judge's proposed findings and recommendations, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Jones v. U.S. Bank Trust Co., N.A.*, No. 5:23-cv-203-KDB-DCK, 2025 U.S. Dist. LEXIS 24735, at *2 (W.D.N.C. Feb. 11, 2025) (quoting 28 U.S.C. § 636(b)(1). "[T]he court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." *Id.*

## ARGUMENT

**I. THE ELEVENTH AMENDMENT AND SOVEREIGN IMMUNITY BAR PLAINTIFF'S 42 U.S.C. § 1983 CLAIM AGAINST DR. KELLY IN HER OFFICIAL CAPACITY.**

Plaintiff contends that the Court "erroneously conflates Eleventh Amendment immunity with personal capacity liability, improperly shielding Dixon and Kelly from accountability." Objection p 8. However, the M&R contradicts Plaintiff's assertion.

3

The Court correctly concluded that as a Medical Examiner, Dr. Kelly is a state official. DE 87 p 12. Plaintiff does not dispute this finding. Indeed, as the Court points out, Plaintiff alleged in the Amended Complaint that Dr. Kelly is employed by the state as a medical examiner. DE 87 p. 12 (referencing Am. Compl. ¶ 7).

Second, the Court clearly applied Eleventh Amendment immunity to Dr. Kelly in her official capacity only. The Court concluded that Dr. Kelly is "entitled to Eleventh Amendment immunity for Avens' claims in [her] *official capacity*…[and] that forecloses Avens' ability to seek monetary damages from [Dr. Kelly] in [her] *official capacity*." DE 87 p 12 (emphasis added). The Court makes no reference to the effects of Eleventh Amendment immunity upon claims against Dr. Kelly in her individual capacity. Furthermore, the Court addresses other claims against Dr. Kelly in her individual capacity elsewhere in the M&R. *See* DE 87 pp 15-25.

Thus, Plaintiff's Objection lacks merit, and the Court should dismiss this claim accordingly.

## II. PLAINTIFF FAILS TO IDENTIFY ANY ERROR REGARDING THE RECOMMENDATION TO DISMISS HER FIRST AMENDMENT, EQUAL PROTECTION, AND DUE PROCESS CLAIMS.

In her Amended Complaint, Plaintiff alleged that Dr. Kelly violated her First Amendment right to free speech and her rights under the Fourteenth

4

Amendment to equal protection of the law and to due process. DE 33 pp 72-73. The Magistrate recommended dismissing these claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. As explained below, Plaintiff fails to identify any material error of fact or law in the M&R, and the Magistrate's findings and conclusions support the recommended dismissal.

> **A.   The Magistrate correctly determined that Plaintiff's First Amendment claim should be dismissed.**

Plaintiff alleged that Dr. Kelly violated Plaintiff's First Amendment right to receive information consisting of Dr. Kelly's expert opinion based on evidence Dr. Kelly received in the investigation of Plaintiff's daughter's death. DE 33 p 73. The Magistrate determined that Plaintiff failed to assert a viable First Amendment claim against Dr. Kelly under 42 U.S.C. § 1983 because the Amended Complaint did not allege that Dr. Kelly was a "willing speaker" and that there is no First Amendment right to receive information from an unwilling speaker. DE 87 pp 19-20.

In her Objection, Plaintiff contends that "the Court's reasoning for dismissing the First Amendment claim against Dr. Kelly [] is deeply flawed." DE 89 p 18. She argues the Court's conclusion that Dr. Kelly was not a "willing speaker" is incorrect for two reasons. First, she contends that Dr. Kelly's unwillingness to speak resulted from "external influence and pressure." DE 89 p 18. Second, Plaintiff argues that the allegation in the Amended Complaint

5

that District Attorney Dixon said he "typically utilized" a local medical examiner "contradicts [the Court's] claim that [Dr.] Kelly was an unwilling speaker." DE 89 p 19 (referencing Am. Compl. ¶ 119). However, at bottom, this argument is the same as the former—that Dr. Kelly is "normally a willing speaker…[whose] cooperation was intentionally obstructed." DE 89 p 19.

In the M&R, the Court correctly points out that the Amended Complaint alleged that Dr. Kelly was not a willing speaker and was instead "collaborating with ECU Health to withhold information" about her daughter's death. DE 87 p 19 (citing Am. Compl. p 72).[2] The Court further identifies the nonsensical allegation that Dr. Kelly chilled her own speech because she allegedly "allowed ECU Health 'to dictate which case(s) she was to work on[.]'" DE 87 p 19 (citing Am. Compl. p 73).

Plaintiff has failed to cite any law or judicial opinion supporting the proposition that an unwilling speaker violates the First Amendment rights of a recipient of the information conveyed by the speech. Moreover, the Court cited a case holding that the Constitution does not compel the government to gather or release information. DE 87 p 20 (citing *Martin v. E.P.A.*, 271 F. Supp. 2d 38, 48 (D.D.C. 2002) ("[T]he First Amendment does not require the

---

[2] The Memorandum and Opinion cites *paragraph* 72 of the Amended Complaint, but the referenced allegation appears on *page* 72 of the Amended Complaint. DE 87 p 19.

6

government to provide access to information it possesses on demand, and it certainly does not require the government to gather information.") Thus, "[a] plaintiff does not state a First Amendment violation simply by claiming that he was denied government information he wanted because there is no constitutional right to have access to particular government information, or to require openness from the bureaucracy." *Id.* (quoting *Martin*, 271 F. Supp. 2d at 48).

Plaintiff also fails to cite any law establishing that a person can chill their own speech through participation in a conspiracy. Moreover, even if Plaintiff could establish a valid First Amendment claim, the claim would lie against the person or entity chilling the otherwise willing speaker's speech, not against the speaker herself. *See, e.g., Martin*. In other words, as the otherwise "willing speaker" in this case, Dr. Kelly is the wrong person against whom this claim should be brought.

In her Objection, Plaintiff also argues that Dr. Kelly has a statutory obligation to investigate deaths and release information. DE 89 p 19. But Plaintiff fails to identify any precedent holding that, as she contends, "[t]he First Amendment does not shield government officials from accountability when they obstruct mandated processes." DE 89 p 20. Moreover, assuming *arguendo* such duties exist, Plaintiff's argument raises issues of state law, not free speech rights under the First Amendment.

7

Plaintiff's Objection to the recommendation of dismissal of the First Amendment claim is unavailing. Therefore, the Court should accept the Magistrate's recommendation and dismiss this claim accordingly.

> **B.  The Magistrate correctly determined that Plaintiff's equal protection and due process claims should be dismissed.**

In her Amended Complaint, Plaintiff alleges that Dr. Kelly "violated the Plaintiff's Fourteenth Amendment rights to due process and equal protection[] by failing to conduct a thorough and unbiased post-mortem examination any by allowing external influences to dictate her actions" thereby "obstructing the Plaintiff's access to crucial information regarding her daughter's death." DE 33 p 73. Plaintiff further alleges that Dr. Kelly did not treat Plaintiff with the "same impartiality and diligence that other similarly situated individuals would receive." DE 33 p 73. Again, Plaintiff's Objections are insufficient to avoid dismissal.

> **1.  Plaintiff's equal protection claim lacks merit.**

The M&R correctly articulates the required elements for a claim under the Equal Protection Clause of the Fourteenth Amendment. A plaintiff must allege that (1) "he was 'treated differently from others with whom he is similarly situated,'" (2) "'the unequal treatment was the result of intentional or purposeful discrimination'" and (3) "'the different treatment is not justified

8

under the requisite level of scrutiny.'" DE 87 p 20 (quoting *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)).

The Magistrate recommended dismissing the equal protection claim against Dr. Kelly because Plaintiff's "claims of disparate treatment are conclusory." DE 87 p 21. The Magistrate determined that "[t]here are no concrete factual allegations to support her assertion that the Defendants treated her differently from others" and that the "Amended Complaint lacks any non-conclusory factual allegations that [Dr. Kelly's] actions toward [Plaintiff] were based on an impermissible consideration such as [Plaintiff's] race or gender." DE 87 p 21.

Plaintiff objects to the Magistrate's recommendation of dismissal of her equal protection claim because "Dr. Kelly's actions [] demonstrate unequal treatment and a failure to fulfill her statutory obligations under North Carolina law." DE 89 p 26. Plaintiff also theorizes that "unless Dr. Kelly habitually ignores [statutory obligations], she did in fact treat the case of Keisha White differently than the way she typically handles cases regarding suspicious deaths and potential homicides." DE 89 p 26. These Objections are futile.

As in the Amended Complaint, Plaintiff's assertions here are not fact-based and are instead conclusory. Plaintiff offers no facts to show that Dr. Kelly treated Plaintiff differently from others who experienced similar events.

9

Furthermore, she has not pleaded any fact from which a reasonable person could draw a plausible inference of deliberate or purposeful discrimination based on race.

## 2. Plaintiff's due process claim fails.

The Magistrate also recommended dismissal of the due process claim.[3] Here, the Magistrate correctly determined that this claim alleged a denial of access to the courts for the purposes of vindicating Plaintiff's daughter's death or to pursue a civil case. DE 87 p 23. The Magistrate found no such rights under the Fourteenth Amendment Due Process clause. DE 87 p 23.

Nevertheless, Plaintiff still contends that the Defendants' actions "deprived [her] of a fair opportunity to seek redress because of state deception and obstruction." DE 89 p 32. She further contends that she "was denied access to key information that would have allowed her to pursue legal remedies." DE 89 p 32. However, she fails to identify the "redress" or "legal remedies" beyond the vague reference to a "right to access the courts, obtain fair legal proceedings, and be free from state-imposed deprivations of liberty and property." DE 89 p 32.

---

[3] In footnote 4 of the M&R, the Magistrate questions whether Plaintiff actually brought a due process claim against Dr. Kelly but addresses the claim "out of an abundance of caution[.]" DE 87 p 22 n.4.

Again, Plaintiff's Objection does not reveal any material error in the M&R, and the Court should dismiss the claim.

## III. THE M&R CORRECTLY RECOMMENDS DISMISSAL OF PLAINTIFF'S CONSPIRACY CLAIM UNDER 42 U.S.C. § 1985.

The Amended Complaint does not explicitly state a claim against Dr. Kelly for violation of 42 USC. § 1985. However, Plaintiff alleged that Defendant ECU Health acted in concert with other Defendants to obstruct justice, prevent the transfer of information, and deny Plaintiff equal protection under the law. DE 33 p 53. Plaintiff further alleged that Dr. Kelly "collaborat[ed] with ECU Health in obstructing the investigation into Keisha White's death..." DE 33 p 72. Therefore, Dr. Kelly addresses the argument Plaintiff makes in her Objection.

The Magistrate determined that the Amended Complaint did not state a valid claim for conspiracy against Defendant ECU Health because Plaintiff alleged "[its] conduct was motivated by their financial interests…" DE 87 p 26 (referencing DE 33 p 54) (and citing *United Bhd. of Carpenters, Loc. 610 v. Scott*, 463 U.S. 825, 837-39 (1983) (Section 1985 does not apply to economically motivated conspiracies)).

In relation to Plaintiff's claim under Title VI against Defendant ECU Health, the Magistrate determined that "although Avens mentions her race in a few places within the Amended Complaint, she does not connect it to any act

11

of discrimination." DE 87 p 27. This finding also supports the dismissal of a conspiracy claim against Dr. Kelly due to Plaintiff's failure to plausibly allege that the conspiracy was "'motivated by a specific class-based, invidiously discriminatory animus…'" DE 87 p 26 (quoting *Simmons v. Poe,* 47 F.3d 1370, 1376 (4th Cir. 1995)).

The Amended Complaint contains no specific facts tending to show that Dr. Kelly's alleged actions were racially motivated in any way. Plaintiff does not allege that Dr. Kelly referred to Plaintiff in a racially derogatory manner or that she held any ill will or animosity toward Plaintiff or Plaintiff's daughter because of their race or for any other reason. The allegations of the Amended Complaint are insufficient to maintain an action under § 1985.

Thus, to the extent that Plaintiff seeks to assert a claim against Dr. Kelly under 42 U.S.C. § 1985, the Court should dismiss the claim.

## **CONCLUSION**

The findings and conclusions of the M&R justify dismissal as recommended therein. Therefore, Dr. Kelly respectfully requests the Court to dismiss all claims against her made herein.

This 26th day of February, 2025.

**JEFF JACKSON**
**Attorney General**

/s/ Jeremy D. Lindsley
Jeremy D. Lindsley
Assistant Attorney General
NC State Bar No. 26235
jlindsley@ncdoj.gov
North Carolina Department of Justice
PO Box 629
Raleigh, NC 27602
Tel: 919-716-6920
Fax: 919-716-6764
*Attorney for Dr. Karen Kelly*

13

## **CERTIFICATE OF COMPLIANCE**

I certify that, in accordance with Local Civil Rule 7.2(f)(3), the attached Response memo contains fewer than 8,400 words.

This 26th day of February, 2025.

/s/ Jeremy D. Lindsley
Jeremy D. Lindsley
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **Response to Plaintiff's Objection to Memorandum and Recommendation** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CME/ECF users

This 26th day of February, 2025.

/s/ Jeremy D. Lindsley
Jeremy D. Lindsley
Assistant Attorney General