| | |
|---|---|
| CYNTHIA B. AVENS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FARIS C. DIXON, JR., DISTRICT )<br>ATTORNEY, PITT COUNTY )<br>MEMORIAL HOSPITAL, INC., DR. )<br>KAREN KELLY, MEDICAL EXAMINER, )<br>JOHN/JANE DOE, and JOHN/JANE DOE, )<br>)<br>Defendants. )<br>) | PITT COUNTY MEMORIAL HOSPITAL,<br>INC.'S RESPONSE TO PLAINTIFF'S<br>OBJECTION TO D.E. 87<br>MEMORANDUM AND<br>RECOMMENDATION |

Defendant Pitt County Memorial Hospital, Inc. d/b/a ECU Health Medical Center ("ECU Health") respectfully submits this Response to Plaintiff Cynthia B. Avens' ("Avens") Objection (the "Objection") to the Memorandum and Recommendation on Defendants' Motions to Dismiss.

## I. INTRODUCTION

In her Amended Complaint, Avens purported to assert claims against ECU Health under (1) 42 U.S.C. § 1983 ("Section 1983"); (2) 42 U.S.C. § 1981 ("Section 1981"); (3) 42 U.S.C. § 1985 ("Section 1985"); and (4) Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* ("Title VI"). Through its Motion to Dismiss, (D.E. 49), and as explained in its Memorandum of Law in Support, (D.E. 50), ("Supporting Memorandum"), and its Reply in Support, (D.E. 60), ("Reply"), ECU Health moved to dismiss the Amended Complaint because, *inter alia*, (i) each of the claims is untimely, (ii) ECU Health is not a state actor, (iii) Avens failed to allege any facts which would suggest ECU Health engaged in intentional racial discrimination or any other wrongdoing, and (iv) Avens failed to otherwise adequately allege the ECU Health violated a

cognizable constitutional right that belonged to Avens.

In the Memorandum and Recommendation, Magistrate Judge Robert T. Numbers, II recommended that each of Avens' federal claims against ECU Health be dismissed for failure to state a claim. Specifically, the Magistrate Judge concluded that Avens' Section 1983 claim against ECU Health should be dismissed to the extent it was based upon an alleged violation of the Equal Protection Clause because the "Amended Complaint lacks any nonconclusory factual allegations that [Defendants'] actions towards her were based on an impermissible consideration, such as her race or gender." (M&R p. 21, D.E. 87.) The Magistrate Judge further concluded that the Amended Complaint fails to plausibly allege that ECU Health violated any recognized constitutional right that is personal to her, which is fatal to her Section 1983 claim. (*Id.* pp. 18-20, 22-24.) With respect to Avens' claims under Section 1981, Section 1985, and Title VI, the Magistrate Judge similarly concluded that they should be dismissed because, *inter alia*, the Amended Complaint did not plausibly allege a single instance of intentional discrimination. (*Id.* pp. 24-27.) The Magistrate Judge then recommended that the Court decline to exercise supplemental jurisdiction over any state-law claims in the Amended Complaint. (*Id.* pp. 27-28.)

In light of the conclusions in the Memorandum and Recommendation on the merits of Avens' claims, the Magistrate Judge understandably declined to address ECU Health's independent arguments (namely, its overarching statute of limitations argument and its state action argument). (M&R p. 18 n.3, D.E. 87.) However, for the reasons set forth in ECU Health's Supporting Memorandum and Reply, those arguments supply independent bases for dismissal. (*See* Mem. Supp. pp. 6-11, 12-16, D.E. 50; Reply pp. 3-4, D.E. 60.)

While the grounds for Avens' Objection are not entirely clear as it relates to the recommendation that her claims against ECU Health be dismissed for failure to state a claim, she

2

vaguely argues that ECU Health engaged in intentional discrimination, which she contends precludes dismissal of the Section 1981 claim, the Section 1985 claim, the Title VI claim, and the Section 1983 claim. (Objection pp. 26-27, 33-35, 37-41, D.E. 89.) But Avens still fails to cite a single concrete factual allegation in the Amended Complaint to support her assertions that ECU Health engaged in intentional discrimination or violated a constitutional right that was personal to her. The Magistrate Judge thus correctly determined that the Amended Complaint fails to state a plausible claim for relief against ECU Health. Because the Amended Complaint fails to assert a viable cause of action against ECU Health, the Court should adopt the Magistrate Judge's recommendations and grant ECU Health's Motion to Dismiss.

## II. LAW AND ARGUMENT

### A. Avens Fails to Plausibly Allege Discrimination by ECU Health.

As discussed in ECU Health's Supporting Memorandum and Reply, each of Avens' claims that requires a showing of intentional discrimination -- *i.e.*, the Section 1981 claim, the Section 1985 claim, the Title VI claim, and the Section 1983 claim to the extent it is based upon the Equal Protection Clause of the Fourteenth Amendment -- fails because the Amended Complaint does not plausibly allege discrimination by ECU Health. (*See* Mem. Supp. pp. 16-17, 18-19, 24-25, 26-27, D.E. 50; Reply pp. 3-4, D.E. 60.) In fact, the Amended Complaint contains only three factual allegations that remotely are relevant to Avens' claims of discrimination: (1) Avens and her daughter, Keisha White, are Black; (2) Linda Brixon, R.N. ("Nurse Brixon"), who was involved in providing care for Avens' daughter at the time of her death in 2014, is White; and (3) ECU Health purportedly is a "predominantly white facility." (Am. Compl. p. 44, D.E. 33.) These allegations, which stand alone, fall far short of the minimum pleading requirements to permit an inference of intentional discrimination.

The Magistrate Judge correctly concluded that Avens' failure to plausibly allege intentional

discrimination warrants dismissal of her claims that require a showing of discriminatory conduct. (M&R pp. 21 (Section 1983 equal protection claim), 24-25 (Section 1981 claim), 26 (Section 1985 claim), 27 (Title VI claim), D.E. 87.) In her Objection, while Avens generally disagrees with this conclusion, she fails to point to any concrete factual allegations in the Amended Complaint which would permit an inference of intentional discrimination on the part of ECU Health. As with her Response in Opposition to ECU Health's Motion to Dismiss, Avens' Objection is riddled with conclusory allegations that are notably absent from the Amended Complaint. For instance, Avens repeatedly asserts that the hospital "protected" Nurse Brixon and other unidentified White personnel. (*See* Objection pp. 33, 34, 35, 38, 39, 40, 41, D.E. 89.) This allegation not only is missing from the Amended Complaint, but it also cannot logically be reconciled with the allegation that *is* included in her pleading regarding ECU Health's handling of Nurse Brixon, which is that Nurse Brixon's employment was terminated in 2014 as a result of ECU Health's internal investigation into White's death. (Am. Compl. ¶ 69(a), D.E. 33.)

Even when considering Avens' allegations in the light most favorable to her, she still does not plausibly allege that ECU Health intended to discriminate against her based on her race, as the Magistrate Judge appropriately recognized. The Court accordingly should adopt the Magistrate Judge's recommendations and dismiss each of Avens' claims which require a showing of discriminatory conduct.

**B.  The Court Should Adopt the Recommendation and Dismiss Avens' Section 1983 Claim.**

Avens also erroneously suggests that the Memorandum and Recommendation "did not address Avens's Section 1983 claims against ECU Health." (Objection p. 41, D.E. 89.) In reality, the Magistrate Judge evaluated Avens' Section 1983 claim against ECU Health and recommended that it be dismissed. (M&R pp. 15-24, D.E. 87.) Avens' failure to meaningfully object to this

4

recommendation confirms that it should be adopted. *See United States v. Schronce*, 727 F.2d 91, 93-94 (4th Cir. 1984) (holding that a failure to timely object to a magistrate judge's recommendations waives any challenge to those recommendations).

Even if Avens had objected to the Magistrate Judge's recommendation that her Section 1983 claim against ECU Health be dismissed, the result would be the same. As explained in ECU Health's Supporting Memorandum and Reply, the Section 1983 claim fails because (1) it is time-barred; (2) ECU Health did not act under color of state law; (3) Avens does not allege a deprivation of rights pursuant to an official policy or custom; (4) to the extent the claim is based on the Equal Protection Clause, Avens does not plausibly allege intentional discrimination by ECU Health; and (5) Avens failed to plausibly allege that ECU Health violated any other constitutional right personal to her. (Mem. Supp. pp. 11-17, D.E. 50; Reply pp. 3-6, D.E. 60)

In the Memorandum and Recommendation, the Magistrate Judge correctly concluded that Avens failed to allege a violation of the Equal Protection Clause because the Amended Complaint "lacks any nonconclusory factual allegations that [Defendants' alleged] actions towards her were based on an impermissible consideration, such as her race or gender." (M&R p. 21, D.E. 87.) In the section of her Objection titled "ECU Health's Violation of Equal Protection," Avens does not argue, even in general terms, that she was subject to "unequal treatment [which] was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). She does not, and indeed cannot, point to any concrete factual allegations in the Amended Complaint which undermine or otherwise contradict the Magistrate Judge's finding that the Amended Complaint is devoid of any "concrete factual allegations to support her assertion that the Defendants' treated her differently from others" and "lacks any non-conclusory factual allegations that their actions towards her were based on an impermissible consideration." (M&R p. 21, D.E.

5

87.) For this reason, the Court should adopt the recommendation and dismiss Avens' Section 1983 claim against ECU Health to the extent she purports to base such a claim on a violation of the Equal Protection Clause.

The Magistrate Judge also correctly concluded that the Amended Complaint failed to allege that ECU Health violated any other constitutional right that is personal to Avens, including any right under the First Amendment or under the Fourteenth Amendment's Due Process Clause. In her Objection, while Avens generally takes issue with the Magistrate Judge's recommendation that her First Amendment claim against the Medical Examiner, Dr. Karen Kelly, and ECU Health be dismissed, (Objection pp. 18-21, D.E. 89), she still fails to identify a legal basis for maintaining such a claim against ECU Health, much less one that is supported by concrete factual allegations contained in the Amended Complaint. As ECU Health previously argued, (Mem. Supp. pp. 16-17, D.E. 50; Reply pp. 5-6, D.E. 60), and as the Magistrate Judge appropriately recognized, Avens failed to plausibly allege a violation of her First Amendment rights, and her First Amendment claim against ECU Health fails as a matter of law.

The same holds true with respect to Avens' generalized objection to the Magistrate Judge's conclusion that the Amended Complaint does not allege a violation of the Fourteenth Amendment's Due Process Clause by ECU Health. (M&R pp. 22-24, D.E. 87.) In her Objection, Avens lumps "Defendants" together, and fails to cite a single concrete factual allegation in the Amended Complaint or legal authority which would support a due process claim against ECU Health, a private non-profit healthcare organization. To be sure, to the extent her Section 1983 claim is based upon ECU Health's purported interference with an "investigation into [her] daughter's death" and "hindering her pursuit of justice," (Am. Compl. p. 52, D.E. 33), it is "well-settled" that individuals have "no right to a criminal investigation or criminal prosecution of
6
Case 4:24-cv-00051-M-RN    Document 92    Filed 02/26/25    Page 6 of 13

another." *Smith v. McCarthy*, 349 F. App'x 851, 859 (4th Cir. 2009); *see Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Moreover, to the extent that Avens' due process claim is based upon her suggestion (which is not alleged in the Amended Complaint) that ECU Health somehow violated her right to access the courts, this argument fails for a variety of reasons, including that she has not been prevented from pursuing a non-frivolous legal claim and has not identified an underlying cause of action that was lost through ECU Health's alleged conduct. *See, e.g., Johnson v. Freeman*, 2022 WL 1049329, 2022 U.S. Dist. LEXIS 64787, at *4-6 (W.D. Va. Apr. 7, 2022) (dismissing claim for denial of access to the courts where the plaintiff failed to allege a nonfrivolous legal claim that he lost); *Estate of Halloran v. United States*, 268 F. Supp. 2d 91, 96-97 (D. Mass. 2003). Indeed, by her own account in the Amended Complaint, Avens previously pursued and settled a wrongful death case against ECU Health in 2016. (Am. Compl. pp. 48-49, D.E. 33.) While Avens now apparently takes issue with the recommendations of her own counsel back in 2016, (Objection pp. 3-4, D.E. 89), she still does not identify any civil claim that ECU Health prevented her from pursuing.

Because Avens has not alleged facts sufficient to demonstrate that she suffered a deprivation of any constitutional rights, much less that the deprivation was caused by an "official policy or custom" of ECU Health, she fails to state a claim under Section 1983 and the Court should adopt the Magistrate Judge's recommendation.

### C. The Court Should Adopt the Recommendation and Dismiss Avens' Section 1981 Claim.

In the Memorandum and Recommendation, the Magistrate Judge recommended that Avens' Section 1981 claim be dismissed on two independent bases. *First*, the Magistrate Judge correctly observed that Avens failed to plausibly allege that ECU Health "intended to discriminate against her on the basis of her race or that the alleged interference would not have occurred but for

7

her race." (M&R pp. 24-25, D.E. 87.) As discussed above, Avens' entire theory of intentional discrimination is premised upon the allegation that ECU Health is "predominantly white." (Am. Compl. p. 44, D.E. 33.) This allegation, which stands alone, is insufficient. *See, e.g., Brummell v. Talbot Cty. Bd. of Educ.*, 2023 U.S. Dist. LEXIS 45318, 2023 WL 2537438, at *10 (D. Md. Mar. 16, 2023); *see also Delon v. News & Observer Pub. Co.*, 2007 U.S. Dist. LEXIS 97785, 2007 WL 5433774, at *6 (M.D.N.C. Nov. 5, 2007). Avens' counterargument tellingly fails to cite or otherwise reference a single factual allegation in the Amended Complaint which would support a finding of intentional discrimination. (Objection pp. 33-34, D.E. 89.) On this basis alone, the Court should adopt the Magistrate Judge's recommendation that Avens Section 1981 claim be dismissed.

*Second*, and separately, the Magistrate Judge correctly found that Avens "also failed to plausibly allege that ECU Health interfered with a contractual relationship," (M&R p. 25, D.E. 87), which is essential for a viable claim under the contracts clause of Section 1981, *see, e.g., Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) (noting that "a plaintiff cannot state a claim under § 1981 unless [she] has (or would have) rights under the existing (or proposed) contract that [she] wishes 'to make and enforce.'"). The Magistrate Judge correctly noted, and Avens does not meaningfully contest, that "death investigations are not a matter of private contract, they are a governmental function." (M&R p. 25, D.E. 87 (citing *Brogan v. United States*, 522 U.S. 398, 402 (1998); *State v. Gaines*, 332 N.C. 461, 471, 421 S.E.2d 569, 574 (1992)).) As discussed in ECU Health's Supporting Memorandum, (Mem. Supp. pp. 19-21, D.E. 50), the Amended Complaint fails to provide any factual allegations which would permit an inference that Avens had an actual or potential contractual relationship which could have been interfered with, *see, e.g., May v. Univ. Health Sys. of E. Carolina, Inc.*, 2021 U.S. Dist. LEXIS 236614, 2021 WL 5868135, at

*7 (E.D.N.C. Dec. 9, 2021). The Magistrate Judge thus appropriately recommended dismissal of her Section 1981 claim on grounds that she failed to plausibly allege interference with a contractual relationship.

D. **The Court Should Adopt the Recommendation and Dismiss Avens' Section 1985 Claim.**

The Memorandum and Recommendation also recommended that Avens' claim under Section 1985 be dismissed. (M&R p. 26, D.E. 87.) As discussed in ECU Health's Supporting Memorandum, this claim fails for a number of reasons, including that Avens (1) failed to allege specific facts necessary to establish a Section 1985 conspiracy and (2) failed to allege that any actions taken by ECU Health were motivated by a specific class-based, invidiously discriminatory animus. (Mem. Supp. pp. 21-25, D.E. 50.) The Magistrate Judge agreed with the latter argument, and did not address the former, concluding that the Amended Complaint failed to allege "that the conspiracy's alleged actions were motivated by a race-based animus." (M&R p. 26, D.E. 87.) To the contrary, as the Memorandum and Recommendation points out, Avens specifically alleged that "ECU Health's conduct was motivated by their *financial interests* by seeking to protect their reputation from a potentially high-profile homicide case." (Am. Compl. p. 54, D.E. 33.) As the Magistrate Judge properly concluded, "[s]ince § 1985 does not apply to economically motivated conspiracies, this allegation requires the dismissal of this claim." (M&R p. 26, D.E. 87 (citing *United Bhd. of Carpenters, Loc. 610 v. Scott*, 463 U.S. 825, 837-39 (1983)); *see also Rayborn v. Miss. State Bd. of Dental Exam'rs*, 776 F.2d 530, 532 (5th Cir. 1985).

In her Objection, Avens appears to take issue with the allegations included in her own Amended Complaint. (Objection p. 38, D.E. 89.) However, because there are no facts alleged in the Amended Complaint which would permit an inference that ECU Health (or, for that matter, any of the Defendants) acted with an invidiously discriminatory animus, dismissal of the Section

9

1985 claim is warranted.

> **E. The Court Should Adopt the Recommendation and Dismiss Avens' Title VI Claim.**

The Magistrate Judge also correctly determined that Avens' Title VI claim should be dismissed. (M&R pp. 26-27, D.E. 87.) Here, too, the recommendation of dismissal was based upon Avens' failure to plausibly allege that ECU Health "discriminated against her because of her race." (*Id*.) Indeed, to state a claim under Title VI, a plaintiff must plausibly allege that the defendant "received federal financial assistance and engaged in intentional racial discrimination." *Glenn v. Wells Fargo Bank, N.A.,* 2017 U.S. Dist. LEXIS 10745, 2017 WL 371956, at *15 (D. Md. Jan. 26, 2017), *aff'd*, 710 F. App'x 574 (4th Cir. 2017). As the Magistrate Judge correctly noted, "although Avens mentions her race in a few places within the Amended Complaint, she does not connect it to any act of discrimination. She only also states ECU Health is a predominantly white institution but provides no insight on how this connects to her claims." (M&R p. 27, D.E. 87.)

In her Objection, in arguing that the recommended dismissal of her Title VI claim was erroneous, Avens suggests there exists "clear evidence" of discrimination but, again, tellingly fails to cite a single paragraph of the Amended Complaint which contains a plausible allegation of intentional racial discrimination. (Objection pp. 39-41, D.E. 89.) Instead, she falls back on conclusory allegations of discrimination, which the Magistrate Judge properly determined did not adequately state a claim for relief under Title VI.

> **F. All of Avens' Claims Against ECU Health Are Time-Barred.**

Finally, though the Memorandum and Recommendation did not reach the issue, each of Avens' claims against ECU Health are barred by the statute of limitations. As discussed in ECU Health's Supporting Memorandum and Reply, the time bar here is apparent on the face of the

10

Amended Complaint, which does not include any concrete factual allegations regarding acts or omissions by ECU Health within the limitations period. (Mem. Supp. pp. 6-11, D.E. 50; Reply pp. 2-3, D.E. 60.) Giving Avens the benefit of every conceivable doubt, her claims against ECU Health accrued, and the statute of limitations began to run, in 2014, which is when she undisputedly knew, or had reason to know, of the alleged wrongful acts underlying her claims. For this separate and independent reason, ECU Health's Motion to Dismiss should be granted.

### III. CONCLUSION

For these reasons and for those stated in its Motion to Dismiss, Supporting Memorandum, and Reply, ECU Health respectfully requests that the Court adopt the Memorandum and Recommendation and dismiss Avens' Amended Complaint.

Respectfully submitted, this the 26th day of February, 2025.

**K&L GATES LLP**

/s/ Daniel D. McClurg
Daniel D. McClurg (NC Bar #53768)
daniel.mcclurg@klgates.com
K&L Gates LLP
300 South Tryon Street, Suite 1000
Charlotte, North Carolina 28202
(704) 331-7444
(704) 353-3114

Terrence M. McKelvey (NC Bar #47940)
terrence.mckelvey@klgates.com
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
(615) 780-6700
(615) 780-6799

*Counsel for Defendant Pitt County Memorial Hospital, Inc.*

## **CERTIFICATE OF WORD COUNT**

Pursuant to Local Rule 7.2(f)(3), the undersigned hereby certifies that the foregoing response contains fewer than 8,400 words, exclusive of the elements to be omitted from the word count per Rule 7.2(f)(1).

This the 26th day of February, 2025.

/s/ Daniel D. McClurg

# CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing document was served upon all counsel of record via the Clerk of Court's ECF system and upon Plaintiff Cynthia B. Avens via U.S. Mail, postage prepaid, at the address listed below, this February 26, 2025:

Cynthia B. Avens
303 Riverside Trail
Roanoke Rapids, North Carolina 27870

Chris D. Agosto Carreiro
Special Deputy Attorney General
North Carolina Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602

*Counsel for Defendant Faris C. Dixon, Jr.*

Jeremy D. Linsley
North Carolina Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602

*Counsel for Defendant Karen Kelly, MD*

      /s/ Daniel D. McClurg

13

Case 4:24-cv-00051-M-RN    Document 92    Filed 02/26/25    Page 13 of 13