IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:24-CV-00051-M

**Cynthia B. Avens**,

    Plaintiff,

v.

**Faris C. Dixon, Jr., et al.**,

    Defendants.

**Order**

This matter comes before the court on Plaintiff Cynthia Aven's motion for leave to conduct limited discovery D.E. 97. The Defendants did not respond to the motion.

The motion alleges that Avens has been subject to "hacking, digital impersonation, and the complete destruction of her original website" since initiating this action. *Id*. at 10. Avens maintains that the timing of events suggests "coordinated misconduct" by the Defendants. *Id*. Lacking tools to investigate the alleged cyber attacks, Avens seeks limited discovery "to identify the responsible parties and preserve" the remaining evidence. *Id*. at 8.

Generally, the Federal Rules of Civil Procedure only allow parties to engage in discovery after they have "conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d). But there are several exceptions to this general rule, including an exception for discovery authorized by a court order. *Id.* at 26(d)(1).

Requests for early discovery are governed by a four-part reasonableness test. *Chryso, Inc. v. Innovative Concrete Sols. of the Carolinas, LLC*, No. 5:15-CV-00115-BR, 2015 WL 12600175, at *2–3 (E.D.N.C. June 30, 2015). To begin with, courts should consider "the procedural posture of the case[.]" *Id.* at *3. Next, they should ask "whether the discovery at issue is narrowly tailored"

to the issue at hand. *Id.* Then, a court should analyze if "the requesting party would be irreparably harmed by waiting until after the parties conduct their Rule 26(f) conference[.]" *Id.* And finally, the court should look at "whether the documents or information sought through discovery will be unavailable in the future or are subject to destruction." *Id*.

These factors fail to justify Avens's request. First, at this point in the litigation, there are three motions to dismiss the action which remain pending. Mots. to Dismiss, D.E. 43, 47, 49. There is an Order staying discovery until the court resolves the motions to dismiss, unless the parties agree otherwise.[1] Order, D.E. 59. So before resolution of the motions to dismiss, discovery may not occur.

Second, Avens maintains that her requested discovery is narrowly tailored to obtain access records and metadata from internet platforms as well as written discovery from Defendant ECU Health about a March 2025 email. These issues are not part of Avens's claims in this suit, so it is unclear why the proposed discovery is relevant to this case.

Avens also has not satisfied the third factor. She has not shown that she will be irreparably harmed by waiting for the discovery until after a Rule 26(f) conference and the issuance of the Scheduling Order. There is no evidence of "coordinated misconduct" by the Defendants against her. The timeline she sets forth does not insinuate, let alone establish, that the Defendants have engaged in wrongdoing. Nor does Avens's intuition about events establish that the Defendants perpetrated a cyber attack against her.

Fourth, Avens has made no credible showing that the information sought may be destroyed or become unavailable.

---

[1] It does not appear that the Defendants are amenable to the discovery Avens seeks at this juncture.

Balancing the reasonableness factors, Avens has not established that this matter warrants discovery prior to the Rule 26(f) conference. The court thus denies Avens's motion for limited discovery (D.E. 97).

Dated: May 9, 2025

_____
Robert T. Numbers, II
United States Magistrate Judge