IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Civil Action Number 4:24-CV-00051-M-RN

| | | |
|---|---|---|
| Cynthia B. Avens | ) | |
| | ) | |
| (Plaintiff) | ) | PLAINTIFF'S COURT- |
| | ) | ORDERED SUPPLEMENT TO |
| | ) | DE 99 NOTICE TO DISCUSS |
| Faris C. Dixon, Jr., District Attorney | ) | RESOLUTION |
| Pitt County Memorial Hospital, Inc. | ) | |
| Dr. Karen Kelly, Medical Examiner | ) | |
| John/Jane Doe, John/Jane Doe, | ) | |
| John/Jane Doe | ) | |
| (Defendants) | ) | |

## COURT-ORDERED SUPPLEMENT TO DE 99 NOTICE TO DISCUSS RESOLUTION

### INTRODUCTION

Cynthia B. Avens ("Avens"), Pro Se Plaintiff, files this supplement as ordered by the Court (DE 100). In DE 99, Notice to Discuss Resolution, Avens stated that "...in light of how this case has been handled and with consideration of potential effects resulting from the Court's rulings on the pending motions to dismiss, she is willing to consider a resolution outside of continued litigation." Her reasoning and intentions are as follows:

### IN LIGHT OF HOW THIS CASE HAS BEEN HANDLED

In Avens's opinion, the US District Court for Eastern North Carolina has made a mockery of this case and of the judicial system. In a case where Avens's civil rights

have been repeatedly violated by the defendants over the course of eleven years, this Court has continued that injustice through actions including, but not limited to:

- Ignoring her First Amendment rights to publicly defend against false allegations regarding the strength of a 2016 Settlement Agreement and Release ("SAR") made by ECU Health in their Motion to Dismiss, which remains on the public record. The imbalance was underscored when the Court chose to focus on the public's right to access rather than Avens's right to respond.
- Sealing the public Motions Hearing transcript from October 8, 2024, without notice, explanation, or motions to seal filed by any party to this case.
- Denying Avens's motion for limited discovery following unauthorized access to multiple online accounts, including Twitter X, GoDaddy (her blog host), and one of her Apple accounts, as well as ongoing cyber intrusions that led to the hijacking and destruction of her former blogging website. These criminal acts targeted her advocacy and caused continued harm directly tied to her pursuit of justice for the unlawful killing of her daughter.

  **The motion was denied without opposition from any defendant**.
- Ignoring federal rules of civil procedure and well-established law by holding her to a prima facie standard at the pleading stage, while simultaneously building arguments sua sponte for the defendants.
- Failing to recommend rulings on threshold arguments (statute of limitations and ECU Health's state actor claims) before recommending subsequent rulings of merit and standing.

- Attempting to give immunity to defendants Dixon and Kelly when they have not adequately argued for it themselves.
- Citing a deficiency on an improper notice of withdrawal for Attorney Carreiro, submitted by O'Brien, despite (a) Carreiro still being with the DOJ at the time, and (b) O'Brien not representing her. A proper motion was required. The Court then accepted an incomplete Proposed Order from O'Brien that failed to include a Certificate of Service for all parties.
- Failing to provide information on service dates and filing deadlines that the Court's former case manager, Kimberly McNally, had routinely provided through July 2024. Thereafter, notices ceased to be mailed, and McNally — who had previously clarified deadline questions directly — later claimed such information could not be disclosed when Avens contacted her regarding the response deadline for Judge Numbers's DE 87 Memorandum and Recommendation, which was docketed by McNally herself.
- Creating a level of distrust so severe that, as of February 13, 2025, Avens has not submitted a single filing directly to the District Court in Wilmington, North Carolina. Instead, she submits all filings through other U.S. Courthouses within the Eastern District and now requires signature confirmation upon delivery – an added expense.

## CONSIDERATION OF POTENTIAL EFFECTS RESULTING FROM THE COURT'S RULINGS ON THE PENDING MOTIONS TO DISMISS

Under the circumstances described above, Avens acknowledges the dilemma: allowing this case to proceed to discovery versus allowing the motions to dismiss to stand. She believes that if there were a clean, lawful path to dismissal, the Court would have taken

it months ago. Discovery was blocked on August 19, 2024 (DE 59). Yet despite full briefing and objections to the M&R submitted in February and March 2025, no discovery of any kind has been permitted.

## INTENTIONS

To reiterate: "...in light of how this case has been handled and with consideration of potential effects resulting from the Court's rulings on the pending motions to dismiss, she is willing to consider a resolution outside of continued litigation." This is not a surrender—to the Court or to any defendant. Avens stands by every allegation she has made in this case.

Alternative dispute resolution ("ADR") is typically an option after discovery has provided enough evidence to move forward to trial. However, Avens has supplied enough evidence thus far to convince a jury by 51% (or greater) that the allegations and facts of this case are more likely to have occurred than not – even without discovery. Offering to resolve this case at this point combines what has happened thus far during litigation with what will inevitably happen when the motions to dismiss are denied.

Respectfully submitted, July 10, 2025

/s/ *Cynthia B. Avens*
Cynthia B. Avens
303 Riverside Trail
Roanoke Rapids, NC 27870
avens1@charter.net
252-203-7107
*Pro Se Litigant*

CERTIFICATE OF SERVICE

I hereby certify that on 7/10/2025, the Plaintiff's COURT-ORDERED SUPPLEMENT TO DE 99 NOTICE TO DISCUSS RESOLUTION was shipped by UPS to the U.S. District Court in Greenville, NC, signature required. ETA 7/11/2025. Tracking # 1Z9H79KT0328012471. Upon docketing, the CM/ECF system will send electronic notification of filing to the defendants' counsel.

Respectfully submitted 5/27/2025,
/s/ Cynthia B. Avens
Cynthia B. Avens
303 Riverside Trail
Roanoke Rapids, NC 27870
Avens1@charter.net
252-203-7107
*Pro Se Litigant*

Chris D. Agosto Carreiro
Special Deputy Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
ccarreiro@ncdoj.gov
Telephone: (919) 716-6874
Facsimile: (919) 716-6755
State Bar No. 45356
*Counsel for DA Dixon*

Jeremy D. Lindsley
Assistant Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
jlindsley@ncdoj.gov
Tel: 919-716-6920
Fax: 919-716-6764
NC State Bar No. 26235
*Counsel for Dr. Karen Kelly*

Daniel D. McClurg
K&L Gates LLP
300 South Tryon Street, Suite 1000
Charlotte, North Carolina 28202
daniel.mcclurg@klgates.com
(704) 331-7400
(704) 353-3114
NC Bar #53768
*Counsel for Defendant Pitt County Memorial Hospital, Inc.*

Terrence M. McKelvey
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
terrence.mckelvey@klgates.com
(615) 780-6700
(615) 780-6799
NC Bar #47940
*Counsel for Defendant Pitt County Memorial Hospital, Inc.*

Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. Department of Justice
Email: eobrien@ncdoj.gov
Tel: (919) 716-6800
Fax: (919) 716-6755
NC State Bar No. 28885
*Counsel for DA Dixon*