**RECEIVED**

AUG 08 2025 MM

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### EASTERN DIVISION
Civil Action Number 4:24-CV-00051-M-RN

| | |
|---|---|
| Cynthia B. Avens ) | |
| ) | MOTION FOR STATUS CONFERENCE |
| (Plaintiff) ) | AND EXPEDITED RULING ON |
| ) | PENDING DISPOSITIVE MOTIONS |
| Faris C. Dixon, Jr., District Attorney ) | |
| Pitt County Memorial Hospital, Inc. ) | |
| Dr. Karen Kelly, Medical Examiner ) | |
| John/Jane Doe, John/Jane Doe, John/Jane Doe ) | |
| (Defendants) ) | |

## MOTION FOR STATUS CONFERENCE AND EXPEDITED RULING ON PENDING DISPOSITIVE MOTIONS

NOW COMES Plaintiff Cynthia B. Avens, proceeding pro se, and respectfully moves this Honorable Court pursuant to Federal Rules of Civil Procedure ("FRCP") 1, 16, and 78 for an expedited ruling on the pending dispositive motions or, in the alternative, to schedule a status conference within seven (7) days to address the prolonged pendency of these motions. In support of this Motion, Plaintiff states as follows:

### I. INTRODUCTION AND RELIEF SOUGHT

1. Plaintiff respectfully requests that this Court issue an immediate ruling on the pending Motions to Dismiss (Docket Entries "DE" 43, 47, and 49) and Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation (Docket Entries 89 and 95), which

have been pending before this Court for more than four (4) months since their referral to the presiding District Judge on March 20, 2025.

2. In the alternative, Plaintiff requests that this Court schedule a status conference within seven (7) days to address the current posture of this case, establish a timeline for ruling on the pending motions, and discuss potential alternative dispute resolution options should the Court be inclined to deny the dispositive motions.

3. This Motion is necessitated by the substantial delay in resolving threshold legal issues that are preventing the progression of this civil rights action, causing prejudice to Plaintiff through the spoliation of evidence, and impeding the efficient administration of justice in contravention of Federal Rule of Civil Procedure 1's mandate for the "just, speedy, and inexpensive determination of every action and proceeding."

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

4. Plaintiff initiated this civil rights action on March 22, 2024, seeking redress for violations of her constitutional and statutory rights by the named Defendants.

5. Defendants filed Motions to Dismiss (DEs 43, 47, and 49), raising several defenses including, but not limited to, the state actor requirement for claims under 42 U.S.C. § 1983 and statute of limitations arguments.

6. On January 30, 2025, the Magistrate Judge issued a Memorandum and Recommendation ("M&R") regarding these dispositive motions.

7. Plaintiff timely filed Objections to the Magistrate Judge's M&R (DEs 89 and 95), preserving her arguments and raising additional legal and factual considerations for this Court's review.

8. On March 20, 2025, the Magistrate Judge's M&R, along with Plaintiff's Objections, were referred to the presiding District Judge for final disposition.

9. As of the date of this Motion, more than four (4) months have elapsed without a ruling on these dispositive motions (including threshold issues) or any indication of when such a ruling might be forthcoming.

10. Discovery in this matter has been stayed since August 19, 2024, pending resolution of the Motions to Dismiss, and Plaintiff's Motion for Limited Discovery (Docket Entry 97) was denied on May 12, 2025.

11. On July 15, 2025, in Docket Entries 103, 104, and 106, all three Defendants acknowledged that this case is ready for ruling on the pending motions.

## III. LEGAL BASIS FOR MOTION

12. FRCP 16(a) authorizes the Court to "order the attorneys and any unrepresented parties to appear for one or more pretrial conferences" for purposes including "expediting disposition of the action," "establishing early and continuing control so that the case will not be protracted because of lack of management," and "facilitating settlement."

13. FRCP 1 mandates that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

14. FRCP 78(a) provides that "[e]ach district court may establish regular times and places for oral hearings on motions."

15. The Civil Justice Reform Act of 1990, 28 U.S.C. § 473, establishes principles of case management that include "setting early, firm trial dates, such that the trial is scheduled to occur within eighteen months after the filing of the complaint, unless a judicial officer

certifies that (I) the demands of the case and its complexity make such a trial date incompatible with serving the ends of justice; or (II) the trial cannot reasonably be held within such time because of the complexity of the case or the number or complexity of pending criminal cases."

16. The Advisory Committee Notes to Rule 16 emphasize that "pretrial conferences may improve the quality of justice rendered in the federal courts by sharpening the preparation and presentation of cases, tending to eliminate trial surprise, and improving, as well as facilitating, the settlement process."

17. In *Meadow Gold Products Co. v. Wright*, 278 F.2d 867, 869 (D.C. Cir. 1960), the court recognized that pretrial conferences serve the important function of "defining the claims and defenses of the parties for the purpose of eliminating unnecessary proof and issues, lessening the opportunities for surprise and thereby expediting the trial."

## IV. ARGUMENT FOR RELIEF

18. The extended delay in ruling on the pending dispositive motions has substantially prejudiced Plaintiff's ability to effectively prosecute her civil rights claims and has resulted in tangible harm through the spoliation of evidence.

19. Specifically, Defendant ECU Health (Pitt County Memorial Hospital, Inc.) has failed to preserve evidence of their policy regarding how members of the public can receive autopsy or death investigation reports. This policy was quoted and cited in Plaintiff's Objection to the M&R (DE 95 pp 23-24). Since the filing of that Objection, the website has been permanently redirected from the original source,

*https://ecuphysicians.ecu.edu/pathology/autopsy/faq/* to

*https://www.ecuhealth.org/about-us/ecu-health-physicians/,* a URL that no longer provides the evidence demonstrating that ECU Health violated its own policy—a critical element of Plaintiff's claims.

20. The Court has yet to address threshold legal issues that are fundamental to the progression of this case, including the state actor requirement for claims under 42 U.S.C. § 1983 and statute of limitations arguments raised by Defendants. Resolution of these issues is necessary before a fair and lawful ruling can be made, as well as before the parties can proceed with discovery and trial preparation.

21. All parties to this litigation have acknowledged that this case is ready for ruling, as evidenced by Defendants' filings on July 15, 2025 (Docket Entries 103, 104, and 106). The continued delay serves no legitimate purpose and contravenes the Federal Rules' mandate for speedy resolution of disputes.

22. This case involves significant civil rights claims that implicate matters of public interest. The timely resolution of civil rights matters serves not only the interests of the parties but also the broader public interest in ensuring that constitutional and statutory rights are promptly vindicated through the judicial process.

23. The continued stay of discovery, coupled with the denial of Plaintiff's Motion for Limited Discovery (DE 97), has effectively halted all progress in this case for nearly a year, preventing Plaintiff from gathering and preserving evidence necessary to support her claims.

## V. ALTERNATIVE DISPUTE RESOLUTION

24. While Plaintiff primarily seeks a ruling on the pending dispositive motions, she is open to exploring alternative dispute resolution options should the Court be inclined to deny the Motions to Dismiss.

25. A status conference would provide an opportunity for the Court to facilitate discussions regarding potential settlement or other forms of alternative dispute resolution that might lead to an efficient resolution of this matter without the need for protracted litigation.

26. Plaintiff believes that all parties would benefit from prompt resolution of the pending motions, either through a ruling by this Court or through Court-facilitated settlement discussions that could lead to a mutually acceptable resolution of this matter.

## VI. CERTIFICATE OF GOOD FAITH CONSULTATION

30. All Defendants have previously indicated in their filings (Docket Entries 103, 104, and 106) that they believe this case is ready for ruling on the pending motions.

## VII. CONCLUSION

Plaintiff Cynthia B. Avens respectfully requests that this Honorable Court:

1. Issue an immediate ruling on the pending Motions to Dismiss or, in the alternative,

2. Schedule a status conference within seven (7) days to address the current posture of this case, establish a timeline for ruling on the pending motions, and discuss potential alternative dispute resolution options;

3. Grant such other and further relief as this Court deems just and proper.

Plaintiff is open to either an in-person or telephonic conference, at the Court's discretion, and will make herself available at any time convenient for the Court and the other parties.

Respectfully submitted August 7, 2025.

/s/ Cynthia B. Avens
Cynthia B. Avens, Pro Se Plaintiff
303 Riverside Trl.
Roanoke Rapids, NC 27870
avens1@charter.net
252-203-7107

CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2025, the Plaintiff's MOTION FOR STATUS CONFERENCE AND EXPEDITED RULING ON PENDING DISPOSITIVE MOTIONS was shipped by UPS to the U.S. District Court in Raleigh, NC. Signature Required. Tracking # 1Z9H79KT2424992087. Upon docketing, the CM/ECF system will send electronic notification of such filing to the defendants' counsel.

Respectfully submitted August 7, 2025.

/s/ Cynthia B. Avens
Cynthia B. Avens
303 Riverside Trail
Roanoke Rapids, NC 27870
Avens1@charter.net
252-203-7107
*Pro Se Litigant*

Jeremy D. Lindsley
Assistant Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
jlindsley@ncdoj.gov
Tel: 919-716-6920
Fax: 919-716-6764
NC State Bar No. 26235
*Counsel for Dr. Karen Kelly*


Daniel D. McClurg
K&L Gates LLP
300 South Tryon Street, Suite 1000
Charlotte, North Carolina 28202
daniel.mcclurg@klgates.com
(704) 331-7400
(704) 353-3114
NC Bar #53768
*Counsel for Defendant PCMH, Inc.*

Terrence M. McKelvey
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
terrence.mckelvey@klgates.com
(615) 780-6700
(615) 780-6799
NC Bar #47940
*Counsel for Defendant PCMH, Inc.*


Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. State Bar No. 28885
North Carolina Department of Justice
Telephone: (919) 716-6800
Facsimile: (919) 716-6755
Email: eobrien@ncdoj.gov
*Attorney for Defendant Dixon*

Tamika L. Henderson
Special Deputy Attorney General
N.C. State Bar No. 42398
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
(919) 716-6900
tlhenderson@ncdoj.gov
*Attorney for Dixon*