| | |
|---|---|
| CYNTHIA B. AVENS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FARIS C. DIXON, JR., DISTRICT )<br>ATTORNEY, PITT COUNTY )<br>MEMORIAL HOSPITAL, INC., DR. )<br>KAREN KELLY, MEDICAL EXAMINER, )<br>JOHN/JANE DOE, and JOHN/JANE DOE, )<br>)<br>Defendants. )<br>) | PITT COUNTY MEMORIAL HOSPITAL,<br>INC.'S RESPONSE TO PLAINTIFF'S<br>MOTION FOR SANCTIONS FOR<br>SPOLIATION OF EVIDENCE |

Defendant Pitt County Memorial Hospital, Inc. d/b/a ECU Health Medical Center ("ECU Health") respectfully submits this Response in Opposition to Plaintiff Cynthia Avens' ("Avens") Motion for Sanctions for Spoliation of Evidence. (D.E. 111.)

## I. INTRODUCTION

In this matter, Avens insists that ECU Health discriminated against her in connection with the 2014 death of her daughter, Keisha White. (*See* D.E. 33.) ECU Health filed a Motion to Dismiss, and the Magistrate Judge has recommended that ECU Health's Motion be granted. (D.E. 87.) Avens' Objection to the Magistrate Judge's Memorandum and Recommendation is pending with the Court, but Avens repeatedly has attempted to bypass her failure to plead a claim and proceed to discovery, this time in the form of a Motion for Sanctions for Spoliation of Evidence. (D.E. 111.) There, Avens contends that ECU Health should be sanctioned because she no longer can access a webpage that she cited in her Reply in support of her Objection to the Magistrate Judge's Memorandum and Recommendation. Avens' request for spoliation sanctions lacks merit

and should be denied. As an initial matter, her request is premature because she has not sought any discovery from ECU Health, as this matter has not proceeded (and indeed should not proceed) to the discovery phase. Regardless, spoliation sanctions are inappropriate because ECU Health did not destroy the webpage that Avens references and in fact has properly preserved it even though it no longer is available on the East Carolina University ("ECU") website. Avens thus cannot demonstrate that ECU Health failed to preserve relevant evidence, much less that she was prejudiced or that ECU Health acted with the intent required to warrant sanctions. ECU Health thus respectfully requests that the Court deny Avens' Motion.

## II. PROCEDURAL HISTORY

Avens filed this lawsuit in March 2024, through which she asserts a litany of discrimination claims against ECU Health, Faris C. Dixon, Jr., and Karen Kelly, M.D. (D.E. 1, 33.) Defendants filed Motions to Dismiss, and on January 30, 2025, the Magistrate Judge recommended that their Motions be granted and the claims against them dismissed. (D.E. 87.) As to ECU Health, the Magistrate Judge concluded that Avens failed to state a claim for relief under 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, or Title VI of the Civil Rights Act of 1964, and that the Court should decline to exercise supplemental jurisdiction over any state-law claims Avens asserts. (*Id.*) Avens filed an Objection to the Magistrate Judge's Memorandum and Recommendation (D.E. 89), and her Objection is pending with the Court.

Despite her failure to satisfy the threshold requirement of stating a claim for relief, Avens repeatedly has sought to proceed straight to discovery. When Defendants jointly moved to stay discovery and to postpone the entry of a Scheduling Order in light of their Motions to Dismiss (D.E. 54), Avens opposed their request and contended that staying discovery would be unjust and impede her "right to a timely resolution" of the matter (D.E. 58). The Magistrate Judge disagreed

and granted the request for a stay of discovery (D.E. 59) and later recommended dismissal of the entire case, but Avens continues to submit requests that pertain to discovery notwithstanding her failure to state a claim. On April 15, 2025, she filed a Motion for Leave to Conduct Limited Discovery (D.E. 97), which the Magistrate Judge promptly denied, specifically stating that "before resolution of the motions to dismiss, discovery may not occur." (D.E. 98.)

Avens, however, continues to act as though discovery is in process. On August 12, 2025, she filed a Motion for Sanctions for Spoliation of Evidence, through which she requests that the Court sanction ECU Health based on its alleged "failure to preserve critical ESI[.]" (D.E. 111 at 2.) Avens contends that ECU Health should be sanctioned because she referenced an ECU webpage for the first time in her Reply in support of her Objection to the Magistrate Judge's Memorandum and Recommendation (D.E. 95) that purportedly contains a "publicly available policy describing how members of the public can obtain autopsy or death-investigation reports," but she later tried to visit the webpage and was redirected to a different ECU Health webpage. (D.E. 111 at 1-2.) In Avens' view, the fact that she was redirected to a different webpage necessarily means that ECU Health destroyed relevant evidence and that she is entitled to spoliation sanctions such as adverse inferences and "appropriate case-dispositive sanctions[.]" (*Id.* at 11-12.) Avens is wrong, however, and her request for sanctions should be denied.

### III. LAW AND ARGUMENT

Here, Avens asks the Court to award her sanctions pursuant to Federal Rule of Civil Procedure 37(e), which governs the failure to preserve electronically stored information, or ESI. Rule 37(e) states that "[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery" the court may take

steps to cure any prejudice against the requesting party. FED. R. CIV. P. 37(e). "[B]efore a court may impose sanctions pursuant to Rule 37(e), four threshold requirements must be established: (1) ESI should have been preserved; (2) ESI was lost; (3) the loss was due to a party's failure to take reasonable steps to preserve the ESI; and (4) the ESI cannot be restored or replaced through additional discovery." *Eshelman v. Puma Biotechnology, Inc.*, 2017 WL 2483800, at *4 (E.D.N.C. 2017). Only after the movant satisfies all four predicate elements of spoliation can a court determine whether sanctions are appropriate, which the movant can demonstrate through two different avenues. *Id.* The first avenue, Rule 37(e)(1), requires a court to make a finding of prejudice before sanctions may be warranted. *Id.* The second avenue, Rule 37(e)(2), requires a court to make a finding that a party "acted with the *intent* to deprive the opposing party" of the ESI prior to imposing sanctions. *Id.* (emphasis in original). The party seeking sanctions "bears the burden of proving that sanctions are warranted by clear and convincing evidence." *Griffin v. Bryant*, 2025 WL 502085, at *3 (E.D.N.C. 2025).

Here, Avens cannot satisfy any of the predicate elements of spoliation, much less that she was prejudiced or that ECU Health intended to deprive her of relevant evidence so as to justify an award of sanctions. Avens' request for spoliation sanctions is entirely without merit, and the Court should deny her Motion.

### A. Avens' Motion is Premature.

As an initial matter, Avens' request for sanctions is inappropriate given the procedural posture of the case. Here, the Magistrate Judge has recommended that Defendants' Motions to Dismiss be granted, and if the Court adopts the Memorandum and Recommendation it will result in a dismissal of the lawsuit in its entirety and relieve ECU Health of any obligation to engage in discovery with Avens. Indeed, as the Magistrate Judge previously recognized, "the resolution of

4

Case 4:24-cv-00051-M-RN    Document 112    Filed 08/26/25    Page 4 of 10

the pending motions may narrow discovery or eliminate its need entirely." (D.E. 59 at 2.) As a result, discovery appropriately has been stayed while the Motions to Dismiss are pending, and Avens has offered no basis for awarding sanctions against a defendant in a lawsuit where the plaintiff fails to state a claim on which relief may be granted. That is because no such basis exists. Avens' failure to state a claim alone warrants the denial of her request for sanctions.

Even if the Court were to decline to adopt the Memorandum and Recommendation and allow Avens to take discovery on her claims against ECU Health, which it should not, her request for sanctions still would be premature. Discovery has been stayed while the Motions to Dismiss are pending, and Avens now seeks sanctions against ECU Health even though she has not been permitted to serve discovery. As one court has noted, "it would seem obvious" that "a spoliation motion shouldn't be filed before discovery has been served and responded to." *Groves Inc. v. R.C. Bremer Mktg. Assocs.*, 2024 WL 4871368, at *4 (N.D. Ill. Nov. 22, 2024). Indeed, "[i]f the parties are still in pretrial discovery and not near the date for filing summary judgment motions, some courts might find a spoliation motion premature." *Taylor v. Walter Kidde Portable Equip., Inc.*, 2025 WL 1758347, at *15 (M.D.N.C. May 28, 2025), *report and recommendation adopted*, 2025 WL 1755911 (M.D.N.C. June 25, 2025) (citations omitted). This is particularly true when considering that "[f]ederal courts have broad discretion in controlling their dockets" and also "have a general duty to avoid deciding unnecessary issues." *Id.* Even setting aside the fact that a dismissal of ECU Health's claims would render Avens' request for sanctions moot, it still would not be an appropriate request given that discovery has never commenced and remains stayed. Because it is entirely unnecessary at this stage of the proceedings for the Court to consider a request for spoliation sanctions, the Court should deny Avens' Motion.

5

Case 4:24-cv-00051-M-RN     Document 112     Filed 08/26/25     Page 5 of 10

### B. ECU Health Did Not Lose or Fail to Preserve Relevant ESI.

Regardless, even if the Court were to consider the merits of Avens's request for sanctions, her Motion should be denied because ECU Health did not lose or fail to preserve relevant ESI. The entire basis of Avens' Motion is that she previously was able to access a webpage that purportedly contained "a publicly available policy describing how members of the public can obtain autopsy or death-investigation report," and that the URL recently was redirected to a general ECU Health information webpage that does not contain the alleged policy. (D.E. 111 at 1-2.) While ECU Health disputes that the referenced webpage is even relevant to Avens' claims, her request for sanctions still fails because ECU Health did not destroy and in fact has preserved the evidence that Avens references.

As an initial matter, the URL that Avens references as previously containing the alleged policy related to autopsies (https://ecuphysicians.ecu.edu/pathology/autopsy/faq/) does not belong to ECU Health and instead belongs to ECU, which are different entities. The ecuphysicians.ecu.edu URL previously was a public facing website operated by ECU specific to the ECU Physicians clinic practice. ECU Health and ECU agreed to sunset the URL as part of an ongoing clinic integration to make things easier for patients, providers, staff, and the general public, and the URL that Avens references thus was migrated to the ECU Health website, which is under the ecuhealth.org URL. Importantly, none of Avens' allegations concerning a redirection from one URL to another justify an award of sanctions against ECU Health, as she does not direct the Court to any evidence demonstrating that ECU Health lost or destroyed a webpage that it did not even own while it was active.

That is because no such evidence exists, as the webpage that Avens references has been archived and preserved even though the https://ecuphysicians.ecu.edu/pathology/autopsy/faq/

URL is no longer active. A true and correct copy of the webpage is attached as **<u>Exhibit A</u>**, and it contains the precise language to which Avens cites in her Reply in support of her Objection to the Magistrate Judge's Memorandum and Recommendation. (*See* D.E. 95 at 23-24.) ECU Health's preservation of the content of the webpage that Avens references directly contradicts her assertion that ECU Health "failed to preserve, archive, or provide an alternative source for the policy[.]" (D.E. 111 at 7.) There is no basis for Avens' assertion that "the loss is permanent," as the webpage that she contends is relevant was archived even though the ecuphysicians.ecu.edu URL was migrated to the ecuhealth.org URL. Because Avens cannot establish that ECU Health lost relevant ESI that it should have preserved, her request for spoliation sanctions should be denied.

## IV. <u>CONCLUSION</u>

For these reasons, the Court should deny Avens' Motion for Sanctions for Spoliation of Evidence.

Respectfully submitted, this the 26th day of August, 2025.

**K&L GATES LLP**

/s/ Daniel D. McClurg
Daniel D. McClurg (NC Bar #53768)
daniel.mcclurg@klgates.com
K&L Gates LLP
300 South Tryon Street, Suite 1000
Charlotte, North Carolina 28202
(704) 331-7444
(704) 353-3114

Terrence M. McKelvey (NC Bar #47940)
terrence.mckelvey@klgates.com
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
(615) 780-6700
(615) 780-6799

*Counsel for Defendant Pitt County Memorial Hospital, Inc.*

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.2(f)(3), the undersigned hereby certifies that the foregoing response contains fewer than 8,400 words, exclusive of the elements to be omitted from the word count per Rule 7.2(f)(1).

This the 26th day of August, 2025.

/s/ Daniel D. McClurg

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing document was served upon all counsel of record via the Clerk of Court's ECF system and upon Plaintiff Cynthia B. Avens via U.S. Mail, postage prepaid, at the address listed below, this August 26, 2025:

Cynthia B. Avens
303 Riverside Trail
Roanoke Rapids, North Carolina 27870

Kristin J. Uicker
Special Deputy Attorney General
North Carolina Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602

*Counsel for Defendant Faris C. Dixon, Jr.*

Jeremy D. Linsley
North Carolina Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602

*Counsel for Defendant Karen Kelly, MD*

      /s/ Daniel D. McClurg